291 So.2d 645 (1974)
Maurice H. BIGELOW et al., Appellants,
v.
James A. HOWZE, Appellee.
No. 72-884.
District Court of Appeal of Florida, Second District.
March 20, 1974.
*646 Elwood P. Safron and Guy S. Emerich, Punta Gorda, for appellants.
John P. Harllee, III, of Harrison, Johnston, Harllee & Porges, Bradenton, for appellee.
William J. Roberts and Wilson W. Wright, Tallahassee, for State Association of County Attorneys, amicus curiae.
GRIMES, Judge.
This is an appeal from an order declaring void a public contract by reason of a violation of Section 286.011, Florida Statutes, F.S.A., commonly known as the Government in the Sunshine Law.
In early 1972, the County Commission of Charlotte County determined the need for contracting with a reappraisal firm to do a comprehensive reappraisal of the real and personal property in the County. After meeting with several firms, the Commission narrowed its choice to Hunnicutt and Associates, Inc. and Howze and Associates. At a regular meeting, the Commission appointed a committee composed of two of its five members and the Tax Assessor for the purpose of investigating and reporting the ability of the two firms to do the job. The County Attorney was an ex-officio member of the committee. At a subsequent public meeting, the full Commission authorized the committee to conduct a fact-finding trip to Tennessee for the purpose of interviewing state officials who had worked with these firms.
After meeting with the appropriate officials and while still in Tennessee, the members of the committee concluded to recommend Hunnicutt. However, the committee was in doubt as to one aspect of Hunnicutt's proposal, so it met with a Hunnicutt representative for breakfast at the Holiday Inn in Punta Gorda to clarify the matter. While this meeting was not secret in the sense that it was behind closed doors, neither the press nor the public was apprised that the meeting would take place.
The committee then recommended Hunnicutt to the Commission. However, upon a complaint being voiced by a representative of Howze, the Commission voted not to accept the recommendation of the committee but to thereafter bring the matter for a conclusion before the full Commission. At this point, the committee was disbanded. The Commission held a subsequent public meeting at which Hunnicutt and Howze resubmitted their proposals. Thereafter, the full Commission awarded to Hunnicutt the same contract which had been proposed by the committee. The Commission ratified the award of the contract in a subsequent meeting.
Howze filed a suit for injunctive relief against the Commission seeking to declare the contract void. Following a trial, final judgment was entered against the Commission in which the contract was declared to be void. In the judgment, the court observed that the two commissioner committee members had unintentionally violated the Sunshine Law by holding secret meetings on the contract prior to its being brought up for formal vote.
The record clearly supports the fact that the two commissioners had agreed during the course of their Tennessee trip that they would vote for the contract to be awarded to Hunnicutt. The most important point raised by the County is whether such action by duly appointed members of the committee constitutes a violation of the Sunshine Law where adequate publicity was given of the committee's fact-finding trip to Tennessee. The State Association of County Attorneys, which was permitted to appear amicus curiae, stated the issue to be whether public officials who are delegated fact-finding responsibility for the purpose of reporting back to the governing body violate the Sunshine Law when the fact-finders reach conclusions during the fact-finding process out of the presence of the public or press when both the public and the press had advance knowledge of the intended fact-finding mission and its whereabouts.
*647 The question of how a fact-finding committee composed of more than one member of a public body must conduct itself with reference to the Sunshine Law is not easy. The County argues that in view of the wide ranging investigative responsibilities of a fact-finding committee, it would be impractical, if not impossible, to hold a public meeting every time the committee attempted to function. The other side of the coin is reflected by the special concurring opinion of Justice Adkins in Jones v. Tanzler, Fla. 1970, 238 So.2d 91. In rejecting the contention that private meetings of less than a majority of a public body concerning public business would not constitute a violation, he said:
"Following this reasoning, any Council could divide itself into groups of small committees and each councilman would have an opportunity to commit himself on some matter on which foreseeable action will be taken by expressing himself at a secret committee meeting in the absence of the public and without giving the public an opportunity to be heard. The ultimate action of the entire Council in public meeting would merely be an affirmation of the various secret committee meetings held in violation of the Government in the Sunshine Law."
While there has not been a specific holding on this point, the philosophy of the cases which have construed the Sunshine Law clearly indicates that the decision making process of a duly appointed committee of a public body composed of more than one member of that body must be held in public, even though such members constitute less than a quorum of the public body. See City of Miami Beach v. Berns, Fla. 1971, 245 So.2d 38; Times Publishing Company v. Williams, Fla.App.2nd, 1969, 222 So.2d 470.
We do not suggest that the committee cannot interview others privately concerning the subject matter of the committee's business or discuss among itself in private those matters necessary to carry out the investigative aspects of the committee's responsibility. Cf. Bassett v. Braddock, Fla. 1972, 262 So.2d 425. However, at the point where the members of the committee who are also members of the public body make decisions with respect to the committee's recommendation, this discussion must be conducted at a meeting at which the public has been given notice and a reasonable opportunity to attend.
This court may take judicial notice of the fact that committee recommendations are often accepted by public bodies at face value and with little discussion. Therefore, unless the decision making process of a committee composed of two or more members of the public body appointing the committee is made in public, the salutory objectives of the Sunshine Law will have indeed become clouded.
Applying these principles to the instant case, the two commissioners should not have discussed what recommendation the committee would make while they were on their trip to Tennessee. Regardless of the notice of the trip, a public meeting could not have feasibly been held on this subject in Tennessee. Upon its return to Florida, the committee should have held a public meeting with proper advance notice at which time the reasons to recommend Hunnicutt would have been aired and the committee's decision would have been made.
The Tennessee decision to recommend Hunnicutt was apparently conditioned upon clarifying an aspect of the Hunnicutt proposal at the meeting held at the Holiday Inn. Thus, this meeting was nothing more than a continuation of the committee's deliberations with respect to its recommendation. This meeting was no more public than the one in Tennessee at which the committee chose to recommend Hunnicutt in the first place. The mere fact that the discussion took place in a public room cannot make it a public meeting for purposes of the Sunshine Law, because *648 the requisite advance notice and the reasonable opportunity to attend did not exist.
We cannot say that the trial court erred in finding that the ratification of the award by the full Commission failed to breathe life into the contract which was tainted by the Sunshine Law violation. We have considered the other points raised by the appellants and conclude that they are without sufficient merit to discuss in this opinion.
The judgment is affirmed.
MANN, C.J., and McNULTY, J., concur.