STATEMENT OF FACT: The City of Miami Springs apparently is considering the passage of a zoning and building moratorium and has interviewed various land and urban planning firms for a comprehensive study of the moratorium. Following the presentation of the plans in a regular council meeting, some of the firms or their representatives met with council members at the city hall to further discuss the proposals.
QUESTION: Did the council members approach any potential or possible violation of the Sunshine Law by talking to these land planners at city hall at a time other than a "regular council meeting," but after the formal presentations and proposals by said planners had been made at a regularly scheduled council meeting?
SUMMARY: There could be a potential or possible violation of the Sunshine Law when two or more city council members meet with representatives of urban planning firms at city hall following the presentation of plans or proposals for a study by various planning firms in an immediately preceding regular council meeting, when notice of such meeting was not given to the public or press. Criminal violations of the Sunshine Law require a charge and proof of scienter or guilty knowledge. Fact-finding discussions between a planning firm and two or more city council members are governed by the Sunshine Law. According to Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 698 (Fla. 1969) and City of Miami Beach v. Berns, 245 So.2d 38, 40 (Fla. 1971), the Sunshine Law, s. 286.011, F.S., was intended "to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board." This would cover a meeting of two or more members of the city council with representatives of an urban planning firm since action was likely to be taken on the hiring of a firm. There is no requirement in the Sunshine Law that a meeting or gathering be "formal" or a "regular council meeting." The law does apply to informal meetings or gatherings, including conference sessions and workshop meetings. Board of Public Instruction of Broward County v. Doran, supra; City of Miami Beach v. Berns, supra; AGO 074-62; AGO 074-94. In order to assure open "public" gatherings or meetings, reasonable notice thereof to the the public and press is required. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973); AGO 073- 170; AGO 071-32. Since no notice of the meeting was given to the public or press, it may be said that the council members attending the meeting did approach a potential or possible violation of the Sunshine Law. This office cannot rule in this instance on whether there was a violation of the law since a criminal violation of the statute requires a charge and proof of scienter, or guilty knowledge. Attorney General Opinion 074-40. A fact-finding discussion with two or more council members present is governed by the Sunshine Law. Bigelow v. Howze, 291 So.2d 645
(Fla. 1974); Accord: Attorney General Opinion 072-16.