Nola F. White City Clerk Punta Gorda
QUESTION:
Is a selection committee, appointed by the city council and composed of two city council members for the purpose of screening proposals from consultants and audit firms, subject to the `Sunshine Law'?
SUMMARY:
A selection committee, appointed by the city council and composed of two members of the city council for the purpose of screening and selecting proposals from consultants and audit firms for municipal projects, is subject to the Government in the Sunshine Law; its deliberations must be open to the public.
You state that a selection committee, composed of two members of the city council, screens all specific proposals for municipal projects submitted by consultants and audit firms and selects whatever number the committee deems necessary. The proposals are then submitted to the council for its approval.
Section 286.011, F. S., commonly known as the Government in the Sunshine Law, provides among other things that
 [a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided on the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. [Section 286.011(1), F. S.]
The Government in the Sunshine Law extends to discussions and deliberations as well as formal action taken by a public body; thus the law is applicable to any gathering during which the members deal with some matter upon which foreseeable action will be taken. See Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969), and Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969). In Times Publishing Company v. Williams, supra, p. 473, the court stated:
 [I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us . . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act.
The decisionmaking process of a duly appointed committee, such as a selection committee of the type under consideration in this inquiry, of a public body, composed of two or more members of that body, must be held in public, even if the members on the appointed committee constitute less than a quorum of the public body. See
Bigelow v. Howze, 291 So.2d 645 (2 D.C.A. Fla., 1974). See also
Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973); House v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973); and Florida Open Government Laws Manual 5 (1978).
The Florida Supreme Court has held that an ad hoc advisory committee whose powers are limited to making recommendations to a public agency and which possesses no authority to bind said agency is also subject to the Sunshine Law. See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Thus an advisory board appointed by a government agency and deliberating on matters upon which foreseeable action might be taken must meet in the public.See also IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353 (4 D.C.A. Fla., 1973), in which the court held that there is no `government by delegation' exception to the Sunshine Law; thus public agencies may not conduct the public's business in secret through the use of an `alter ego.' Recently, in Krause v. Reno,366 So.2d 1244 (3 D.C.A. Fla., 1979), the Third District Court of Appeal held that an advisory group, appointed by a city manager to assist him in screening applications and to make recommendations for the position of police chief was a `board' as that term is utilized in s. 286.011, F. S.; thus, the meetings of the advisory group were subject to the Sunshine Law.
In this situation, the selection committee `screens all proposals, selects whatever number they deem necessary and lists them in accordance with their qualifications. This [list] is then submitted to the Council for their approval.' Based upon the foregoing judicial decisions, it appears clear that the selection committee, composed of two members of the city council for the purpose of screening and selecting proposals for municipal projects from consultants and audit firms, is an integral part of the decisionmaking process and, therefore, is subject to the Sunshine Law. Cf. Krause v. Reno, supra, p. 1251, in which the court stated that `an advisory board appointed by a governmental agency and deliberating on matters upon which foreseeable action might be taken must meet in the open'; Board of Public Instruction v. Doran, 224 So.2d 693, 699 (Fla. 1969) (statutes enacted for the public benefit should be interpreted most favorably to the public); and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
Prepared by: Craig B. Willis, Assistant Attorney General