Mr. Albert C. Galloway, Jr. Special Counsel, Village of Highland Park Post Office Box 3339 Lake Wales, Florida 33859-3339
Dear Mr. Galloway:
On behalf of the Village of Highland Park, you ask substantially the following question:
May the Village of Highland Park enter into an interlocal agreement with the City of Lake Wales to use the city's meeting facilities for Highland Park's commission meetings?
In sum:
While the Village of Highland Park may not use an interlocal agreement to conduct city commission meetings at facilities outside its boundaries, it may contact its legislative delegation to seek enactment of a special law to authorize such action. Pending passage of such a law, the village should hold its commission meetings at a place that is accessible to the public and within the village's jurisdiction.
You state that the Village of Highland Park (village) consists of sixty-five single family homes and forty-four apartment units, with a total population of approximately 150. Meetings of the city commission were historically held in the home of the city clerk who recently retired. The new clerk will not continue the tradition and the city owns no municipal structures or real estate in which to hold city commission meetings.
The City of Lake Wales (city) has been approached about entering into an interlocal agreement with the Village of Highland Park, whereby the village would use the city's commission chambers to hold its meetings. You indicate that the city's commission chambers are located approximately four miles from the Village of Highland Park.
Section 163.01, Florida Statutes, permits any "public agency" of the state to enter into an interlocal agreement with any other public agency of the state for the purpose of exercising jointly "any power, privilege, or authority which such agencies share in common and which each might exercise separately."[1] The Village of Highland Park and the City of Lake Wales are "public agenc[ies]" within the purview of section163.01, Florida Statutes.[2] However, no interlocal agreement entered into pursuant to section 163.01(4) may confer any greater or additional power, privilege, or authority than is possessed by each of the contracting agencies or permit the exercise of powers not shared in common and not separately exercisable by each such agency.[3]
The instant situation is similar to the one addressed in Attorney General Opinion 75-139. In that opinion, this office was asked whether a town council could hold its meetings outside the town's boundaries. Considering the restriction upon a municipality's authority to enact legislation on the exercise of extraterritorial power absent authority from a general or special law, it was concluded that a municipality's governing body could not hold meetings outside its jurisdictional boundaries. The same restriction in section 166.021(3)(a), Florida Statutes, is contained in current law and would similarly affect the village's authority to hold its commission meetings outside of the village's boundaries. I have found no exceptions to this restriction.
Article VIII, section 2(c), Florida Constitution, recognizes the Legislature's role in authorizing a municipality to exercise extraterritorial powers as provided by general or special law. It would appear to be advisable, therefore, to contact your legislative delegation to seek passage of a special act that would empower the village to hold its commission meetings outside of its jurisdiction.
Florida's Government in the Sunshine Law requires that meetings of public boards or commissions be open to the public, that reasonable notice of such meetings be given, and that minutes of the meetings be taken.[4]
The courts have recognized that for a meeting to be public, the public must be given advance notice and provided a reasonable opportunity to attend.[5]
There are statutes that limit where governmental board meetings may be held. For example, section 125.001, Florida Statutes, provides that meetings of a board of county commissioners "may be held at any appropriate public place in the county." School board meetings are to be held in the office of the district school superintendent or in a room convenient to that office, except when due public notice is given that they will be held at an appropriate place in the county.[6]
While there is no specific statutorily prescribed place within a municipality that council meetings must be held, the requirements of the Sunshine Law should be considered in selecting the site for such meetings. In this instance, pending legislative action that would allow extraterritorial commission meetings, the village may consider the use of a commercial or institutional space that would offer access to the public.
Accordingly, it is my opinion that the Village of Highland Park may not enter into an interlocal agreement with another municipality to use facilities located outside the village's boundaries for city commission meetings, but should seek legislative authorization for such action.
Sincerely,
Richard E. Doran Attorney General
[1] Section 163.01(4), Fla. Stat.
[2] See, s. 163.01(3)(b), Fla. Stat.
[3] See, Ops. Att'y Gen. Fla. 77-15 (1977) and 77-16 (1977). Compare, Op. Att'y Gen. Fla. 74-220 (1974).
[4] See, s. 286.011, Fla. Stat., and Art. I, s. 24, Fla. Const. 
[5] See, e.g., Bigelow v. Howze, 291 So.2d 645, 647-648 (Fla.2d DCA 1974). Cf., Rhea v. School Board of Alachua County, 636 So.2d 1383 (Fla. 1st DCA 1994) (school board workshop held outside county limits over 100 miles away from board's headquarters violates Sunshine Law).
[6] See, s. 1001.372(2)(a) and (b), Fla. Stat.