636 So.2d 1383 (1994)
Darnell RHEA, Appellant,
v.
SCHOOL BOARD OF ALACHUA COUNTY, Appellee.
No. 93-1414.
District Court of Appeal of Florida, First District.
May 18, 1994.
*1384 Joseph W. Little, Gainesville, for appellant.
Thomas L. Wittmer, Gainesville, for appellee.
LAWRENCE, Judge.
Darnell Rhea (Rhea) appeals a summary judgment entered in favor of the Alachua County School Board (Board). The trial court found that the Board's workshop held in Orlando, Florida, on December 3, 1991, did not violate section 286.011, Florida Statutes (1991), commonly known as the "Government in the Sunshine Law."[1] We reverse and remand for further proceedings.
The Board announced, during its regular November meeting, that it intended to conduct a workshop[2] for Board members in Orlando on December 3, 1991, to take advantage of the fact that all the members already would be in Orlando to attend the semi-annual convention of the Florida School Boards Association. The Board also advertised the meeting by placing a detailed notice in the Gainesville Sun newspaper on November 26, 1991, stating that the meeting was "a public workshop to which all persons are invited." The Board met on the evening of December 3, 1991, as planned, at the Twin Towers Hotel in Orlando.
Rhea filed a complaint on May 29, 1992, seeking injunctive and declaratory relief against the Board, alleging that the Board violated section 286.011 in holding a Board meeting in a place located outside the geographical boundaries of the Board's district, that is, Alachua County, and more than 100 miles from Gainesville, the Board's headquarters.
Both parties moved for summary judgment. Rhea's affidavit stated that he would have attended the meeting but for the fact it was held outside Alachua County, over 100 miles from him. The Board attached a copy of the minutes of the workshop and two affidavits in support of its motion. One affidavit was from a Board member, who stated that the Orlando workshop was open to the public at all times, that is, the meeting was held in a public meeting room, the room had sufficient space for those in attendance, and the meeting was properly noticed. The second affidavit was from the Board's attorney, who stated that the workshop occurred in a hotel public meeting room, the door to which was left open throughout the session. Moreover, the hotel's staff was advised to direct anyone who inquired about the meeting to the appropriate location.
The Board properly concedes that the school board workshop held in Orlando was a "public meeting" for purposes of the Sunshine Law. Canney v. Board of Pub. Instruction, 278 So.2d 260 (Fla. 1973). The Board, however, denies that any violation of that law took place. Section 286.011(1) provides in relevant part:
All meetings of any board ... at which official acts are to be taken are declared public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
(Emphasis added.) The mere fact that a meeting is held in a public room does not make it public within the meaning of the Sunshine Law. Bigelow v. Howze, 291 So.2d 645, 647-48 (Fla. 2d DCA 1974).[3] For a *1385 meeting to be "public," it is essential that the public be given advance notice and a reasonable opportunity to attend. Id.
The Board argues that it complied with the mandates of the Sunshine Law by publicly advertising the meeting in advance, and providing a reasonable opportunity for the public to attend by holding the meeting in an open and public meeting room at a hotel convention facility. Rhea does not challenge the sufficiency of notice given by the Board, nor does he claim the meeting was conducted in secrecy. Thus, adequacy of notice is not an issue in this case. Rhea challenges instead the scope of the word "public," as contemplated by the Sunshine Law. Rhea contends "public" refers to the constituency of the public entity that is convening. The "public" for the Alachua County School Board, therefore, would be members of Alachua County, as opposed to members of Orange County or the Florida public at large. Rhea argues that by meeting outside Alachua County, at a hotel more than 100 miles from its headquarters, the Board denied reasonable access to its public.
Section 286.011 does not define the word "public." In construing a statute, words that are undefined by the statute should be given their plain and ordinary meaning. State, Dep't of Health & Rehab. Servs. v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980). Included among the various dictionary definitions of "public" are the following: "of, relating to, or affecting the people as an organized community; a place accessible or visible to all members of the community; an organized body of people: community, nation; a group of people distinguished by common interests or characteristics." Webster's 3d New International Dictionary 1836 (1981). Applying the plain and ordinary meaning of the word to the instant case, the relevant "public," the community that would be affected by the Board's official actions, is Alachua County. Review of sections 230.01 and 230.11, Florida Statutes (1991),[4] which provide that the school board represents the entire county, and section 230.17, Florida Statutes (1991), which requires the Board to publish advance notice of the workshop in a newspaper circulated in that county, confirms the fact that the relevant community is Alachua County. Thus, whether the Orlando Board workshop was sufficiently "open to the public" depends on whether Alachua County residents had a "reasonable opportunity" to attend the meeting. See Bigelow v. Howze.
Rhea urges this court to fashion an absolute rule which would prohibit any Board workshop from being held under any circumstances at a site more than 100 miles from the usual meeting place. We can envision circumstances which would warrant the conduct of a workshop beyond the county boundaries and perhaps even more than 100 miles from the usual meeting place. Thus, we decline to adopt a bright line test which would resolve every dispute on this issue. Rather, we hold that a balancing of interests test is the most appropriate method by which to determine which interest predominates in a given case. The interests of the public in having a reasonable opportunity to attend a Board workshop must be balanced against the Board's need to conduct a workshop at a site beyond the county boundaries. A significant and obvious factor to be considered in the weighing process is the extent of the distance from the usual meeting place to the out-of-county workshop, an issue which both parties to this cause addressed extensively. We conclude that the greater the distance, the heavier the burden is upon the Board to demonstrate a need for the alternate site. It follows that the shorter the distance, the lighter the burden is upon the Board to justify the out-of-county site.
Another factor to be considered is any good faith action by the Board to minimize the expense and inconvenience of the public in attending an out-of-county workshop. For example, an offer by the Board to provide *1386 transportation for the public at the Board's expense, would serve to mitigate the disadvantage to the public, thus enhancing the weight of the Board's position in the matter.
We would ordinarily expect a Board workshop to be held within the county boundaries for reasons of sound logic and common sense. However, when a perceived need to do otherwise arises, the Board must apply the balancing of interests test.
The foregoing factors are not intended to be all-inclusive. Any consideration of the balancing process must focus upon the issue of whether the Board's need for a workshop at a particular geographical site is outweighed by the resulting barriers which tend to prevent public attendance. Thus, any factor or circumstance which impacts thereon must be considered on a case-by-case basis.
When applying this balancing test to the circumstances of the instant case, we conclude that the Board's workshop held at a hotel in Orlando, Florida, on December 3, 1991, did not afford the citizens of Alachua County a reasonable opportunity to attend. There was nothing peculiar about the Orlando site, that is, there was nothing physically located there, nor any activity taking place, which necessitated the Board's observation or discussion at that particular location. The only reason for holding the workshop in Orlando was because the Board members were already assembled at the same hotel for a semi-annual meeting of the Florida School Boards Association. The only advantage to the Board was the elimination of travel time and expense ordinarily incurred by Board members and staff in making the usual trip from home or office to the regular meeting site in Gainesville on an alternate date. We consider this to be an insignificant advantage. When compared to the disadvantages visited upon the public in terms of additional time and expense of travel, we conclude that the balancing process weighs heavily in favor of a finding that the public was denied a reasonable opportunity to attend the workshop. While the failure of the Board to mitigate any of the barriers would ordinarily be significant, the need for the workshop in Orlando was such that we do not believe that even significant mitigation could have overcome the minimal need for the workshop at that site.
We accordingly REVERSE and REMAND for consistent proceedings.
It is so ordered.
BOOTH and MICKLE, JJ., concur.
NOTES
[1] Rhea also alleged that the Board meeting violated section 230.17, Florida Statutes (1991), an issue we find unnecessary to address here.
[2] No official action may be taken at a workshop by the sponsoring agency.
[3] The facts in Bigelow v. Howze involved two Charlotte County commissioners, who were engaged in a fact-finding mission in Tennessee. While there, they discussed the recommendation they would make to the county commission on their return to Florida; the court found that this conduct violated the Sunshine Law. The commissioners further violated the Sunshine Law when they met at a Holiday Inn in Charlotte County, Florida, to assure themselves they had come to the right recommendation. The court found that the latter meeting was no more "public" for purposes of the Sunshine Law than the earlier "meeting" in Tennessee. Id. at 647. The court held that "[t]he mere fact that the discussion took place in a public room cannot make it a public meeting for purposes of the Sunshine Law, because the requisite advance notice and the reasonable opportunity to attend did not exist." Id. at 648 (emphasis added).
[4] Section 230.01, Florida Statutes (1991), provides in relevant part: "Each county shall constitute a school district." Section 230.11, Florida Statutes (1991), provides: "The school board of each district shall represent the entire district. Each member of the school board shall serve as the representative of the entire district, rather than as the representative of a school board member residence area."