500 S.E.2d 783

**Herbert P. WIEDEMANN, Petitioner,**

v.

**TOWN OF HILTON HEAD ISLAND,**
**South Carolina, Respondent.**

**No. 24789.**

Supreme Court of South Carolina.

Heard April 21, 1998.

Decided May 18, 1998.

---

Herbert P. Wiedemann, Pro Se, Hilton Head, for petitioner.

Curtis L. Coltrane, Hilton Head Island, for respondent.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion in *Wiedemann v. Town of Hilton Head,* 326 S.C. 573, 486 S.E.2d 263 (Ct.App.1997). We affirm in part, reverse in part, and remand to the Master-in-Equity.

## FACTS

■ In December, 1995, the Hilton Head Island Town Council (Council) held a workshop at the Dataw Island Club (Club),[1] a private residential community located approximately 45 miles outside the municipal limits of Hilton Head. The

---

1. It is undisputed that the workshop was a "meeting" for purposes of the South Carolina Freedom of Information Act.

meeting was publicly advertised, and members of the public were permitted to attend. Wiedemann, a resident of Hilton Head, was required to pass through a security gate and give his name to a guard in order to attend the meeting. He was met at the Club by the Assistant Town Manager and escorted into the meeting where he had to sit on a chair in an aisle near the entrance.[2]

Wiedemann brought this declaratory judgment action contending the meeting was not "open to the public" as required by the South Carolina Freedom of Information Act (FOIA), S.C.Code Ann. §§ 30–4–10 to 110 (1991 & Supp.1996). The Master granted Town summary judgment holding that, in the absence of a statutory prohibition, the local governing body of a municipality may conduct meetings outside the geographical boundaries of the county or municipality. The Court of Appeals, construing the "minimal cost or delay" provision of S.C.Code Ann. § 30–4–15,[3] adopted a balancing test weighing the interests of the public against the government's need to conduct the meeting at a distant site. It found the location of the workshop and procedure for admittance in this case created no undue burden on the public and, accordingly, affirmed the grant of summary judgment.

## ISSUE [4]

Did the Court of Appeals properly adopt a balancing test and, if so, was summary judgment proper under that test?

---

**2.** We are unpersuaded by Wiedemann's claim that sitting in the aisle at the back of the room renders the meeting "closed" for FOIA purposes. *See Sovich v. Shaughnessy,* 705 A.2d 942 (Pa.Cmwlth.1998) (no violation of Sunshine Act where members of public were placed in an adjoining facility with speakers and microphone).

**3.** Section 30–4–15 provides, in pertinent part:

The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials.... Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

**4.** Wiedemann also contends it is a violation of the "open meetings" provision to conduct a "public" meeting at a private club, in a gated residential community. We disagree.

## DISCUSSION

Wiedemann contends a balancing test is inappropriate as § 30–4–15 prohibits municipalities, under any circumstances, from conducting meetings outside their limits. We disagree.

There is *some* authority for the proposition that municipalities are absolutely forbidden from holding meetings outside their corporate limits. 37 Am.Jur. *Mun. Corps.* § 54; 56 Am.Jur.2d *Mun. Corps.* § 160. We decline to follow the *American Jurisprudence* article.[5]

Nowhere in the South Carolina FOIA are public bodies required to conduct public meetings within municipal limits. On the contrary, the only restriction is that they be conducted with "minimum cost or delay" to the public. Notably, the Legislature **did,** in the case of School Boards, require all meetings be held "at the school district office or at such other place **within the district** that the board deems convenient ..." S.C.Code Ann. § 59–1–340. *See also* 1991 S.C.Op. Atty.Gen. 73, Op. No. 91–24 (1991) (espousing that in light of express legislative statement in § 59–1–340, that section 30–4–15 permits public meetings without a municipality's boundaries). We agree with the Court of Appeals that the fact that the Legislature specifically required school board meetings to be conducted within district boundaries, but failed to do so in

---

S.C.Code Ann. § 30–4–60 requires every meeting of a public body be open to the public unless closed pursuant to section 30–4–70(a). *Fowler v. Beasley,* 322 S.C. 463, 472 S.E.2d 630 (1996). The purpose of the FOIA is to protect the public from secret government activity. *South Carolina Tax Comm'n v. Gaston Copper Recycling Corp.,* 316 S.C. 163, 447 S.E.2d 843 (1994). There is no requirement, in section 30–4–60 or elsewhere in the FOIA, that meetings of a public body be conducted in a **public** building. On the contrary, the only specific requirements are that the meeting be open to the public and be done at minimal cost or delay. Absent a specific statutory restriction, we find meetings may be held in locations other than public buildings. Here, it is undisputed that the public was given notice of and welcome to attend the meeting. The fact that Wiedemann was required to give his name to a security guard at the gate of the Dataw Island Country Club does not violate the open meeting provision.

5. The only American case specifically adopting this position relies upon Am.Jur. *See Town of Paradise Valley v. Acker,* 100 Ariz. 62, 411 P.2d 168 (1966).

the case of municipal boards is indicative of its intent that such meetings may be held outside municipal limits. *Accord Atlanta Skin and Cancer Clinic v. Hallmark General Partners, Inc.*, 320 S.C. 113, 463 S.E.2d 600 (1995) (under maxim of expressio unius est exclusio alterius, 'expression of one thing is exclusion of another'). Accordingly, we affirm the Court of Appeals' opinion insofar as it held that meetings may be conducted outside municipal boundaries. Further, we concur with the Court of Appeals that a balancing test is appropriate to determine whether such a meeting complies with the "minimum cost or delay" requirements of § 30–4–15.

■ The Court of Appeals adopted the balancing test espoused by the court in *Rhea v. School Board of Alachua County*, 636 So.2d 1383 (Fla.App.1994). Under that test, "the interests of the municipality in conducting the meeting outside the municipal limits [should] be weighed against the cost or delay to the public." 326 S.C. 573, 486 S.E.2d at 267. The Court of Appeals concluded that, as there was no evidence any members of the public were **prevented** from attending the meeting, and since Wiedemann and various reporters **had attended** the meeting, its location created no undue burden on the public. It therefore affirmed the Master's grant of summary judgment. This was error.

■ Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Columbia v. American Civil Liberties Union*, 323 S.C. 384, 475 S.E.2d 747 (1996). In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party. *Summer v. Carpenter*, 328 S.C. 36, 492 S.E.2d 55 (1997).

Here, there are genuine issues of material fact concerning the **necessity** of Town conducting the meeting outside the municipal limits. There is simply **no** evidence in the record as to why it was necessary for Town to conduct the meeting at Dataw Island. Accordingly, on the present record, it was simply impossible to **balance** the interests of the Town against those of the public. Therefore, rather than affirming the grant of summary judgment, the Court of Appeals should have

remanded to the Master for receipt of further evidence on this issue. Accordingly, the opinion of the Court of Appeals is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.