542 S.E.2d 752

**Herbert P. WIEDEMANN, Appellant,**

v.

**TOWN OF HILTON HEAD ISLAND,**
**South Carolina, Respondent.**

**No. 3293.**

Court of Appeals of South Carolina.

Heard Jan. 8, 2001.

Decided Jan. 29, 2001.

Rehearing Denied March 12, 2001.

Herbert P. Wiedemann, of Hilton Head Island, pro se.

Curtis L. Coltrane, of Hilton Head Island, for respondent.

HEARN, Chief Judge:

Herbert Wiedemann appeals a declaratory judgment in favor of the Town of Hilton Head. The circuit court held the Town demonstrated the necessity of holding Town Council meetings outside the municipal limits. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

This is the third time this case has been before an appellate court. *See Wiedemann v. Town of Hilton Head Island,* 326 S.C. 573, 486 S.E.2d 263 (Ct.App.1997) (*Wiedemann I* ); *Wiedemann v. Town of Hilton Head Island,* 330 S.C. 532, 500 S.E.2d 783 (1998) (*Wiedemann II* ).

Herbert Wiedemann, a Hilton Head resident, filed an action alleging Hilton Head violated the South Carolina Freedom of Information Act (FOIA) by holding a three-day workshop on Dataw Island, approximately 45 miles from Hilton Head's town limits. S.C.Code Ann. §§ 30–4–10 to –110 (1991 & Supp.1999). Wiedemann claims the Town meetings violated the open meeting provision of the FOIA by imposing a heightened cost and delay on the public.

Hilton Head, on behalf of the Town Council, moved to dismiss Wiedemann's complaint under Rule 12(b)(6), SCRCP. The circuit court converted the Town's motion to one for summary judgment, and Wiedemann also moved for summary judgment. The court granted summary judgment to the Town. Wiedemann appealed.

On appeal, this court adopted a balancing test to determine whether the interests of the Town Council in holding an out-

of-town meeting outweighed the increased cost or delay to the public in attending the meeting. *Wiedemann I,* 326 S.C. at 582, 486 S.E.2d at 268. Applying a balancing test, this court affirmed the grant of summary judgment to the Town. *Id.*

The supreme court affirmed the use of a balancing test but reversed the grant of summary judgment. *Wiedemann II,* 330 S.C. at 537, 500 S.E.2d at 785. The supreme court held the grant of summary judgment was improper because there was insufficient evidence in the record as to why it was necessary for the Town to conduct the meeting at Dataw Island. *Id.* at 537, 500 S.E.2d at 786. Accordingly, the court remanded the case to the circuit court for further evidence of the Town's reasons for holding the meetings at the remote site. *Id.* at 537–38, 500 S.E.2d at 786.

After reviewing additional evidence, the circuit court issued a declaratory judgment in favor of the Town, holding that the Town's interests outweighed the small cost the public incurred in attending the remote meetings. No appeal was taken from the circuit court's finding that the cost to the public was small. Wiedemann appeals.

## STANDARD OF REVIEW

Wiedemann sought injunctive relief and a declaratory judgment pursuant to the FOIA. § 30–4–15. Declaratory judgments in and of themselves are neither legal nor equitable. *See Felts v. Richland County,* 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). The standard of review for a declaratory judgment action is therefore determined by the nature of the underlying issue. *Id.*

Actions for injunctive relief are equitable in nature. *See Miller v. Borg–Warner Acceptance Corp.,* 279 S.C. 90, 92, 302 S.E.2d 340, 341 (1983); *Godfrey v. Heller,* 311 S.C. 516, 517, 429 S.E.2d 859, 860 (Ct.App.1993). *See also* Jean Hoefer Toal, et al., *Appellate Practice in South Carolina* 193 (1999). In equitable actions, the appellate court may review the record and make findings of fact in accordance with its own view of a preponderance of the evidence. *See Ingram v. Kasey's Assocs.,* 340 S.C. 98, 105, 531 S.E.2d 287, 290–91 (2000); *Townes Assocs. v. City of Greenville,* 266 S.C. 81, 85, 221 S.E.2d 773, 776 (1976).

## DISCUSSION

■ Wiedemann contends the circuit court erred in its application of the balancing test and in finding the Town presented sufficient evidence that its interest in holding the meeting at the remote site did not violate the provisions of the FOIA. We disagree.

The FOIA provides:

The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

§ 30–4–15. Section 30–4–60 states "[e]very meeting of all public bodies shall be open to the public unless closed pursuant to § 30–4–70 of this chapter." [1]

■ The FOIA provisions must be construed to make it possible for the public to learn of and report on the activities of public officials. *See* § 30–4–15. *See also Fowler v. Beasley,* 322 S.C. 463, 468, 472 S.E.2d 630, 633 (1996) ("South Carolina's FOIA was designed to guarantee the public reasonable access to certain activities of the government."); *Bellamy v. Brown,* 305 S.C. 291, 295, 408 S.E.2d 219, 221 (1991) ("[T]he essential purpose of the FOIA is to protect the public from secret government activity.") However, nowhere in the FOIA are public bodies required to conduct public meetings within municipal limits. *Wiedemann II,* 330 S.C. at 536, 500 S.E.2d at 785. On the contrary, the only restriction is that meetings be conducted with "minimum cost or delay" to the public. *Id.* (*quoting* § 30–4–15).

The Town presented considerable evidence to support holding the workshop at Dataw Island. It presented testimony that council members are distracted, take personal calls, and

---

1. None of section 30–4–70's exemptions are applicable to the present case.

attend to personal business when meetings are held within town boundaries. The workshop conductor testified that remote meetings were more effective because council members were better focused, more productive, and implemented goals faster after attending workshops at remote locations. The retreat facilitator testified that meetings at remote locations result in better communications and interpersonal relations within the council, ultimately resulting in greater efficiency. The mayor of Hilton Head stated that at a previous retreat held within the town limits he and two other council members did not focus well because they were distracted. He said he thought the council benefitted from the Dataw Island meetings.

After hearing the evidence, the circuit court concluded remote meetings, such as the Dataw Island workshops, are necessary for the efficient functioning of the Town Council. The circuit court further held that a minimum distance necessary to achieve undistracted, uninterrupted participation by council members is 35 to 40 miles. The circuit court found the Town presented undisputed evidence that the Dataw Island meeting was necessary for the effective functioning of a municipal council, and although the public incurred some small cost or delay, "the necessity of the Town and benefits enjoyed by the Town in being able to hold the workshops outside of the municipal limits ... outweigh the 'cost or delay' occasioned by the public in attending the meeting."

Wiedemann urged both the circuit court and this court to rule in his favor based on the supreme court's use of the words "necessary" and "necessity." *Wiedemann II*, 330 S.C. at 537, 500 S.E.2d at 786. In its opinion the supreme court stated: "[T]here are genuine issues of material fact concerning the **necessity** of Town conducting the meeting outside the municipal limits. There is simply **no** evidence in the record as to why it was necessary for town to conduct the meeting at Dataw Island." *Id.* Weidemann argues necessary and necessity mean "indispensible, unavoidable, and essential". The circuit court refused to adopt Wiedemann's argument, stating:

The Town need not provide evidence that it was "indispensable," "unavoidable" and "essential" for the Town to conduct the workshop outside of its municipal limits, as is urged by the Plaintiff. Such a literal interpretation of the words

"necessity" and "necessary" as used by the Supreme Court contradicts the rationale of the balancing of interests test adopted by the Supreme Court. If it were "indispensable" and "unavoidable" for the Town to conduct the workshop outside of the Town's limits, then that would in and of itself justify conducting the workshop at Dataw Island Club, and there would be no reason to balance the interest of the public in attending the workshop.

We agree. Although the supreme court's opinion uses the words "necessary" and "necessity," the opinion clearly embraced the application of a balancing test. *Wiedemann II*, 330 S.C. at 537, 500 S.E.2d at 786. If "necessary" as used in the supreme court's opinion meant indispensable and essential, as asserted by Wiedemann, there would be no need for any balancing of interests to occur. A requirement of absolute necessity is inconsistent with the supreme court's requirement that the trial judge balance a variety of factors in reaching its decision.

In adopting the balancing test in *Wiedemann I,* this court relied heavily on *Rhea v. School Bd.,* 636 So.2d 1383 (Fla.Dist. Ct.App.1994). In *Rhea,* the school board conducted a meeting more than 100 miles from its regular meeting place. The board advertised the meeting in the local newspaper. Rhea filed a complaint for injunctive and declaratory relief alleging the board violated the state law requiring board meetings be open to the public at all times. The board countered that the meeting was held in a public meeting room in a hotel and that the hotel staff was advised to direct any members of the public to the appropriate location.

The *Rhea* court found that the distance to the meeting site and any action by the board to minimize the expense and inconvenience to the public were factors to be considered under the balancing test. Under that test, "[t]he interests of the public in having a reasonable opportunity to attend a Board workshop must be balanced against the Board's need to conduct a workshop at a site beyond the county boundaries." *Id.* at 1385. This balancing must occur whenever the board had a perceived need to meet outside the municipal limits. *Id.* at 1386.

Taking our own view of a preponderance of the evidence, we find the Town did not violate the FOIA by holding its workshop at Dataw Island. Applying our original balancing test, we find the Town has presented sufficient evidence that its interest in increased attention and focus outweighed the small cost and delay to the public in attending the workshop at Dataw Island. We agree with the circuit court that the Town need not prove it was indispensable, unavoidable, or essential to conduct its workshop outside of the municipal limits.

For the foregoing reasons, the judgment of the circuit court is hereby

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.