Dear Mr. Marino:
As City Attorney for the City of Belleair Beach, you have requested my opinion on substantially the following questions:
1. May the Belleair Beach City Council temporarily locate its chambers for public meetings in an adjacent municipality while a new city hall is being built, provided adequate notice is given to city residents?
2. If the answer to Question One is in the negative, may the Belleair Beach City Council enact an ordinance for a referendum to amend the city charter to allow the city council to meet outside its jurisdiction?
The City of Belleair Beach is in the preliminary stages of razing and reconstructing a new city hall on the site of the existing city hall, as it appears that the current structure does not meet building codes. You have advised this office that the City of Belleair Beach is a residential community without any commercial property within the city limits. According to newspaper reports, there are no large meeting facilities within the city. An additional consideration is that the city records its meetings for rebroadcast on television which requires sound and video recording and editing equipment in the meeting room.[1] You state that "there is no place within the corporate limits of the city where the city may lease a facility as a temporary city hall for the conduct of public meetings" and have asked for my opinion on whether the city may conduct public meetings outside its jurisdictional boundaries.
Article VIII, section 2(c), Florida Constitution, requires that the exercise of extra-territorial powers by a municipality shall be as provided by general or special law. This constitutional restriction is reflected in section 166.021(3)(a), Florida Statutes, in which the Legislature recognizes that municipalities are authorized to enact legislation concerning any subject matter upon which the state Legislature may act, except "[t]he subjects of annexation, merger, andexercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution[.]" (e.s.)
Based on these constitutional and statutory provisions, this office in Attorney General's Opinion 75-139 concluded that, in the absence of a general or special law, a municipality had no authorization to exercise its legislative and governing powers, including the adoption of municipal ordinances, extraterritorially and had no authority to hold meetings at which official business is conducted outside the municipal boundaries. As that opinion points out, in the absence of such statutory authorization, acts and proceedings at meetings held outside the municipal jurisdiction are void unless such actions are statutorily authorized.[2]
Similarly, as recently as 2003, this office concluded that a municipality could not rely on the provisions of an interlocal agreement authorizing the city commission to conduct meetings at facilities outside its boundaries. The question in Attorney General's Opinion 2003-03 was asked by the Village of Highland Park, a municipality with a population of approximately 150 residents and no municipal structures or real property in which to hold city commission meetings. The village approached the City of Lake Wales about entering into an interlocal agreement which would allow the village to use the city's commission chambers to hold its meetings. The city commission chambers were within five miles of the village's boundaries. The opinion discusses Attorney General's Opinion 75-139, Article VIII, section 2(c), Florida Constitution, relating to the exercise of extraterritorial powers, and the Government in the Sunshine Law. While recognizing that the statutes contain no prescribed place within a municipality for holding council meetings, the opinion concludes that in order for the village to act extraterritorially, it was required to seek legislative authorization.
You have also asked whether legislative authorization for conducting meetings outside the territorial jurisdiction of Belleair Beach may be accomplished by enactment of an ordinance for a referendum to amend the city charter. As discussed above, the Florida Statutes and the Florida Constitution require that the exercise of extraterritorial powers must be authorized by general or special law. The use of the phrase "by law" in the Florida Constitution has been determined to mean an enactment of the State Legislature and not local legislation enacted by a city commission, county commission, or other political body.[3] Thus, the reference in Article VIII, section 2(c), Florida Constitution, and implementing statutes, refers to and requires state legislative action. The City of Belleair Beach may not grant itself extraterritorial authority through local legislative action.
Therefore, based on constitutional and statutory considerations, as well as previous opinions of this office, it is my opinion that the Belleair Beach City Council may not temporarily relocate the site of public meetings to an adjacent municipality in the absence of state legislative authorization to do so. While your letter indicates that no commercial
space is available for lease to the city for conducting these meetings, it may be possible for the city commission to hold meetings in a school auditorium, church fellowship hall, or the club house of a residential development located within the city on a temporary basis until construction of the new city hall is complete. Any of these venues might be available to the city and would meet the need for a short term location within the city limits at which to hold official meetings.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Belleair Bee, "Belleair Beach City Council looking for meeting place," dated November 14, 2007, and Clearwater Gazette, "Revised Steps Taken Toward Goal of Constructing New City Hall," dated November 8, 2007.
[2] See also Am. Jur. 2d Municipal Corporations, Counties, OtherPolitical Subdivision s. 141, "[i]n the absence of statutory authorization, municipal councils may not hold meetings outside municipal limits and all acts and proceedings at such meetings are void." Cf., Rhea v School Board of Alachua County, 636 So. 2d 1383 (Fla. 1st DCA 1994) (school board workshop held outside county limits over 100 miles away from board's headquarters violates Sunshine Law).
[3] See Grapeland Heights Civic Association v. City of Miami, 267 So. 2d 321, 324 (Fla. 1972); Broward County v. Plantation Imports,Inc., 419 So. 2d 1145 (Fla. 4th DCA 1982); Ison v. Zimmerman,372 So. 2d 431 (Fla. 1979); Ops. Att'y Gen. Fla. 79-109 (1979), 84-51 (1984), and 87-36 (1987) (county legislation); 84-17 (1984), 84-39 (1984), and 84-85 (1984) (municipal legislation).