KAHN, J.
 

 Charles Grapski and Michael Canney appeal a final judgment (on Count One) and a summary final judgment (on Count Two) entered in favor of appellee, City of Alachua (the City), on appellants’ amended complaint for declaratory and injunctive relief alleging violations of chapters 119 and 286, Florida Statutes (2006), and the Florida Constitution. To the extent the trial court concluded the issues of 1) the City’s failure to allow appellants to inspect and copy the Board of Canvassers’ (Board) April 11, 2006, Minutes (the Minutes) in a timely manner and 2) entitlement to attorney’s fees and costs was mooted because appellants belatedly received the Minutes, we reverse the final judgment and summary final judgment and remand for the trial court to award reasonable attorney’s fees and costs. We further hold void the action taken by the City in approving the, as of then, undisclosed Minutes. We affirm the trial court’s rulings in all other
 
 *195
 
 respects relating to the City Commission’s (the Commission) actions.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 The City conducted a Commission election on April 11, 2006. After the polls closed, the Board met to canvass the election, and a city employee prepared Minutes of that proceeding. Appellants attended the meeting and observed what they perceived to be improprieties. The City then promulgated a Regular City Commission Meeting Agenda (the Agenda) for the May 15 Commission meeting. The “Consent Agenda” part of the Agenda included “Minutes: April 11, 2006 Board of Canvassers Meeting.” Three days before the May 15 meeting, appellants went to City Hall to obtain a copy of the Minutes. They found out, however, the Minutes were not among the documents available to the public. Neither were the Minutes available on the City’s site or at the county public library before the meeting. Appellants then made an oral public records request through Deputy Clerk Alan Henderson to inspect and copy the Minutes. Henderson denied their request, telling them the Minutes would be made available to the public after the Commission approved them at its May 15 meeting. Another request for the Minutes on the morning of May 15 also failed. Thus, under the City’s apparent policy, appellants could not determine the contents of the Minutes until after the Commission meeting, during which the Minutes would be taken up on the consent agenda. Appellants subsequently asked to inspect and copy many other purported public records relating to the April 11 Commission election.
 

 In the present action, appellants have raised issues under Florida public records and open meeting laws. Count One, the public records claim, alleges violations of section 119.07, Florida Statutes (2006), and article I, section 24(a) of the Florida Constitution, based on the City’s refusal to allow appellants to inspect and copy the Minutes before the May 15 meeting. Appellants claimed the Minutes are a “public record” for purposes of chapter 119. This count alleged other violations of public records law relating to the City’s subsequent refusal to permit inspection and copying of additional documents. Appellants sought judgment against the City in the nature of an order declaring a violation of constitutional and statutory rights, enjoining the City either to grant requests for public records or to provide written reasons for its denials, and granting attorney’s fees and costs.
 

 In its answer, the City neither admitted nor denied appellants’ assertion the Minutes are a public record. Subsequently, at a motion hearing, the City’s counsel answered “no” when the trial judge asked her whether the City’s position was that the Minutes are not a public record. Conceding the City had not provided appellants with a copy of the Minutes when requested, the City nevertheless argued mootness, relying on the by-then undisputed fact appellants had received a copy of the Minutes many months later, but before bringing this lawsuit. How appellants obtained a copy of the Minutes is unclear in the record.
 

 After a bench trial on Count One, the court asked appellants to provide a list of the public records requested, but alleged to have been unlawfully denied them by the City or its employees. Ultimately, the trial court determined appellants had essentially abandoned their claims except for the City’s refusal to allow them to inspect and copy the Minutes. To the extent appellants belatedly listed other records allegedly requested, but not received, the
 
 *196
 
 trial court concluded that any documents not introduced at the trial would not be considered in resolving Count One. The court cited certain evidence in the record that voluminous other public records were requested and were provided to appellants. Still other records were destroyed in a fire at City Hall, which thwarted the City’s attempts to review some of its computerized records.
 

 Finding the initial complaint was filed nearly nine months after appellants initially requested the Minutes, and that appellants had the Minutes by then, the trial court concluded that public records law, chapter 119, Florida Statutes, cannot be used to compel production of a document already provided to the requesting party before filing the lawsuit. In other words, the court determined the public records claim was moot by the time appellants filed the initial complaint. The court denied any relief to appellants on this claim.
 

 Count Two, the open meeting claim, alleged violations of section 286.011, Florida Statutes (2006), known as the “Government in the Sunshine Law” or “open meetings” law; and article I, section 24(b) of the Florida Constitution. Contemporaneously with the final judgment, the trial court issued a summary final judgment in favor of the City on Count Two. The parties agreed no material factual issues are in dispute in the open meeting claim. The trial court determined the City’s use of the consent agenda procedure did not violate chapter 286, Florida Statutes, and denied appellants’ claim under section 286.011 seeking an order “rendering the City’s approval of the Minutes null and void and of no legal effect.”
 

 ANALYSIS
 

 We have
 
 de novo
 
 review of a question of law. Whether the trial court correctly interpreted and applied the relevant statutes is such a question.
 
 See Gilliam v. Smart,
 
 809 So.2d 905, 907 (Fla. 1st DCA 2002);
 
 Rogers v. Hood,
 
 906 So.2d 1220, 1223 (Fla. 1st DCA 2005) (stating that the issue of what constitutes a public record is a question of law). On their claim under chapter 119, appellants had to prove they made a specific request for public records, the City received it, the requested public records exist, and the City improperly refused to produce them in a timely manner.
 
 See Hillier v. City of Plantation,
 
 935 So.2d 105, 106 (Fla. 4th DCA 2006). Here the Minutes were created immediately following the April 11, 2006, meeting. Appellants made specific requests for the Minutes before the May 15 meeting, and the City’s employee represented the Minutes would not be released to the public until after approval by the Commission. Appellants maintained that although they belatedly had received a copy of the Minutes, the violation of Florida public records law reached fruition at the City’s unlawful refusal to timely produce a copy of the Minutes, and certainly by the time the primary usefulness of the Minutes passed. Although appellants knew when the Commission would meet and knew the Minutes would be submitted for approval then, they had no opportunity to examine the Minutes until after their approval. This unjustifiable delay and closed procedure, say appellants, is tantamount to denying their request for the Minutes altogether and constitutes an unlawful refusal to comply with chapter 119.
 
 See Barfield v. Town of Eatonville,
 
 675 So.2d 223, 224 (Fla. 5th DCA 1996) (stating that “[a]n unjustified delay in complying with a public records request amounts to an unlawful refusal”).
 

 Unquestionably, the City’s Minutes are a “public record.” That term in Florida law broadly includes any document, paper, or other material “made or received pursu
 
 *197
 
 ant to law or ordinance or in connection with the transaction of official business by any agency.” § 119.011(11), Fla. Stat. (2006);
 
 see Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc.,
 
 379 So.2d 633, 640 (Fla.1980) (concluding that intra-office or inter-office memos communicating information from one public employee to another, or prepared for filing although not part of the agency’s later formal public product, constituted “public records” under section 119.011 because they supplied the final evidence of knowledge obtained in connection with the transaction of public business); Op. Att’y Gen. Fla. 91-26 (1991) (concluding that the minutes of a city council meeting are public records once the clerk has performed the duty to prepare them). The Board, a subdivision of the City, is an “agency.” § 119.011(2), Fla. Stat. (2006) (defining “agency” to include any municipal board). The City does not assert otherwise. The Minutes were prepared in the course of the official business of the Board’s canvassing the municipal election. Although not yet considered by the Commission, the Minutes are the final work product of the Board, not a preliminary draft or note.
 
 See Shevin,
 
 379 So.2d at 640 (distinguishing a “public record,” which is “any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type,” from “drafts or notes, which constitute mere precursors of governmental ‘records’ ” and are not “intended as final evidence of the knowledge to be recorded”).
 

 The Florida Legislature has spoken clearly that, subject to certain exemptions not at issue here,
 

 it is the policy of this state that all state, county, and municipal records are open for public inspection and copying by any person. Providing access to public records is a duty of each agency.
 

 § 119.01(1), Fla. Stat. (2006). The statutory provision addressing “inspection and copying of records” states:
 

 Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records.
 

 § 119.07(l)(a), Fla. Stat. (2006). Our state’s organic law mandates this right to inspect and copy public records:
 

 Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes ... counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
 

 Art. I, § 24(a) Fla. Const. “This section shall be self-executing.” Art. I, § 24(c) Fla. Const.
 

 Accordingly, the Minutes must be available for public inspection and copying by any person; the City has the duty to provide access to such public records; and every custodian of a public record must permit inspection and copying in a timely manner, under reasonable conditions, and subject to supervision. Although the Minutes had been prepared at the canvassing meeting on April 11, the City flatly refused to produce the Minutes after receiving one or more proper requests. The City repeatedly informed appellants the Minutes would not be made available to the public until after the May 15 meeting. This unjustified refusal denied any realistic access
 
 *198
 
 for the only purpose appellants sought to achieve — review of the Minutes before the Commission meeting.
 

 At oral argument, able counsel for the City candidly observed the City had erred in refusing to produce the Minutes before they were approved. Production days or weeks later, though, did not cure the error. Under the present facts, the City’s denial not only breached the duty to provide such records at a reasonable time and under reasonable conditions, but also contravened the purpose and mandate of our public records law. Accordingly, appellants’ receipt of a copy of the Minutes— months after their requests and clearly after their primary need passed — did not moot the issue of the City’s unlawful refusal to fulfill its duty to allow reasonable inspection and copying.
 
 See United Faculty of Fla. v. Pub. Employees Relations Comm’n,
 
 898 So.2d 96, 100
 
 &
 
 n. 4 (Fla. 1st DCA 2005) (concluding that the subsequent certification of public employee unions as exclusive bargaining agents of state university employees did not moot cases alleging unfair labor charges filed by unions, for an unfair labor practice occurred when a practice prohibited by law occurred, such that subsequent actions could affect the remedy but did not expunge the unfair labor practice). The trial court erred as a matter of law in holding otherwise.
 

 Looking to well-established law, we note the doctrine of mootness does not apply to situations where an ongoing procedure violates the law or the violation is capable of repetition but evades proper review.
 
 See Sims v. State,
 
 998 So.2d 494, 503-04 n. 8 (Fla.2008);
 
 Holly v.
 
 Auld; 450 So.2d 217, 218 n. 1 (Fla.1984). Moreover, because the damage occurred when the City refused to produce the Minutes, production after the fact did nothing to mollify appellants’ injury, the deprivation of constitutional and statutory rights.
 
 See Daniels v. Bryson,
 
 548 So.2d 679, 680 (Fla. 3d DCA 1989) (“The impermissible withholding of documents otherwise required to be disclosed constitutes, in and of itself, irreparable injury to the person making the public records request.”). A holding otherwise would allow a covered body to delay meaningful access to public records, only to disclose them belatedly and after the utility of such records had faded. In that instance, an assertion of mootness because the violation had been “cured” once the requesting party gained access to the records would disguise a breach of public records law. The express language in the statutes and Florida Constitution demonstrates the City failed to comply with public records law, and the damage to appellants was not mooted.
 

 We next consider the open meeting claim. As a hallmark of open meeting law, a covered governmental entity must provide reasonable notice of, and continuing public access to, its “meetings ... at which official acts are to be taken.” § 286.011(1), Fla. Stat. (2006);
 
 see Hough v. Stembridge,
 
 278 So.2d 288, 291 (Fla. 3d DCA 1973) (stating that reasonable notice is necessary for a public meeting to be truly public under section 286.011). This public policy is memorialized in article I, section 24(b) of the Florida Constitution, which states in pertinent part that “[a]ll meetings ... of any collegial public body of a county [or] municipality ... at which official acts are to be taken or at which public business of such body is to be transacted or discussed, shall be open and noticed to the public” except where exempted by chapter 286 or specifically closed pursuant to the state constitution. “Statutes enacted for the public benefit should be interpreted most favorably to the public.”
 
 Bd. of Pub. Instruction of Broward County v. Doran,
 
 224 So.2d 693, 699 (Fla.
 
 *199
 
 1969);
 
 see Wood v. Marston,
 
 442 So.2d 934, 938 (Fla.1983) (broadly construing the Sunshine Law to effect its “remedial and protective purpose” to promote the public interest and to avoid “ ‘closed door’ politics”).
 

 Supporting their argument that the open meeting law requires advance notice and a reasonable opportunity to attend, appellants rely on
 
 Rhea v. School Board of Alachua County,
 
 636 So.2d 1383 (Fla. 1st DCA 1994). In
 
 Rhea,
 
 the Alachua County School Board (ACSB) announced its intent to conduct a workshop for board members in Orlando (another county) in December because members already would be in Orlando for a convention of the Florida School Boards Association. The ACSB advertised the Orlando meeting by placing a detailed notice in the
 
 Gainesville Sun
 
 newspaper approximately one week before the out-of-town meeting that it would be a workshop to which all persons were invited. The Orlando meeting occurred as scheduled and was open to the public. Rhea sued, alleging a violation of open meeting law, in that the ACSB met outside the geographical borders of its district, Alachua County, and more than 100 miles from its headquarters in Gainesville, and but for the long distance, Rhea would have attended the meeting. The trial court entered summary judgment in favor of the ACSB.
 
 See id.
 
 at 1384. On appeal, we recognized that the relevant “public” in question were members of the community in Alachua County, not Orange County: specifically, those who would be affected by the ACSB’s official actions. Whether the Orlando workshop was sufficiently “open to the public” depended on whether Alachua County residents were afforded a “reasonable opportunity” to attend the meeting. We concluded that the relevant public’s interest in having a reasonable opportunity to attend the ACSB’s workshop had to be weighed against the ACSB’s need to hold a workshop at a site well beyond the county line.
 
 See id.
 
 at 1385. Because the ACSB’s decision to meet in Orlando denied Alachua County citizens a reasonable opportunity to attend, and the reason for meeting in Orange County was only that members of the ACSB were already assembled at the same hotel for a different professional meeting, the balance favored the citizens of Alachua County.
 
 See id.
 
 at 1386.
 

 Here the trial court concluded that so long as the City’s or Board’s meetings at which official acts are to be taken are properly noticed and open to the public at all times, chapter 286 does not preclude the use of the consent agenda procedure over a citizen’s objection. As the Florida Supreme Court observed in
 
 Wood,
 
 442 So.2d at 941, the public has the right to attend open meetings, but “no authority to participate in or to interfere with the decision-making process.” The trial court also concluded chapter 286 does not require that specific items to be considered by a public body be listed in advance of the meeting on an agenda. That is, the City was not required to post an agenda for the meeting where the minutes of its canvassing board were to be approved. This conclusion followed the law.
 
 See Yarbrough v. Young,
 
 462 So.2d 515, 517 (Fla. 1st DCA 1985);
 
 Hough,
 
 278 So.2d at 290-91. “[Wjhile Florida courts have recognized that notice of public meetings is a mandatory requirement of the Government in the Sunshine Law, the preparation of an agenda that reflects every issue that may come before the governmental entity at a noticed meeting is not.” Op. Att’y Gen. Fla. 2003-53 (2003). If the meeting itself is properly noticed, chapter 286 does not require the governmental entity to “give notice of potential deviation from a previously announced agenda.”
 
 Law & Info. Servs., Inc. v. City of Riviera Beach,
 
 670 So.2d 1014, 1016 (Fla. 4th DCA 1996).
 
 *200
 
 Given this body of law construing the Government in the Sunshine Law and appellants’ failure to disclose relevant authority to the contrary, we find no error in the trial court’s denying the challenge to the City’s use of the consent agenda.
 

 Count Two, however, also sought relief based on the City’s failure to allow appellants a timely opportunity to inspect and copy the April 11 Minutes. Section 286.011(2), Florida Statutes (2006), states “[t]he minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection.” Moreover, our circuit courts should “enforce the purposes of this section upon application by any citizen of this state.”
 
 Id.
 
 The City held a meeting on May 15, 2006, to approve the Minutes. Up through that meeting, the City’s high-level employees informed appellants the City would not produce a copy of the Minutes until approval at the next meeting. As may be inferred from the foregoing “public records” analysis, the City violated both the language and the purpose of section 286.011(2) by denying public access to its Minutes until after approval, or, stated flatly, after the Minutes would have been useful to those seeking inspection. “Mere showing that the government in the sunshine law has been violated constitutes an irreparable public injury.”
 
 Town of Palm Beach v. Gradison,
 
 296 So.2d 473, 477 (Fla.1974). Further, “no resolution, rule, or formal action shall be considered binding except as taken or made” pursuant to the open meeting requirements. § 286.011(1), Fla. Stat. (2006). Apparently, even “an unintended violation of the government in the sunshine law will negate” action taken by a city commission.
 
 Gradison,
 
 296 So.2d at 477-78.
 

 Declaratory relief and injunctive relief will lie under chapter 286 if the facts warrant such remedies. Because, and to the extent, the City violated section 286.011(2), Florida Statutes (2006), by failing to open its Minutes to public inspection and copying in a timely and reasonable manner, prejudice is presumed.
 
 See Gradison,
 
 296 So.2d at 477 (stating the “mere showing [chapter 286] has been violated constitutes an irreparable injury”);
 
 Port Everglades Auth. v. Int’l Longshoremen’s Ass’n, Local 1922-1,
 
 652 So.2d 1169, 1171 (Fla. 4th DCA 1995) (stating that once a violation of section 286.011 is shown, “prejudice is presumed”). We therefore declare the City’s approval of those Minutes null and void
 
 ab initio. See Gradison,
 
 296 So.2d at 477.
 

 The City will perhaps consider this sanction extreme. We would only note the City could have cured its default by reconsidering the Minutes at any time after their pi'oduction.
 
 See Bassett v. Braddock,
 
 262 So.2d 425, 428-29 (Fla.1972) (concluding that a subsequent open, public vote cured, corrected, and rendered “sunshine bright” an initial violation of section 286.011 relating to the election of school board officers by secret written ballot);
 
 Bruckner v. City of Dania Beach,
 
 823 So.2d 167, 171 (Fla. 4th DCA 2002) (stating that a Sunshine Law violation “can be cured by independent final action completely in the Sunshine”). The City owns its decision to stand firm on the open meeting violation.
 

 We AFFIRM in part and REVERSE in part the final judgment as to Count One, AFFIRM in part and REVERSE in part the summary final judgment as to Count Two, and REMAND for further proceedings on appellants’ motion for attorney’s fees and costs.
 

 BENTON and THOMAS, JJ., concur.