WETHERELL, J.
 

 Appellants seek review of a final order granting summary judgment in favor of Appellee, Community Maritime Park Associates, Inc. (CMPA). In granting summary judgment, the trial court found that section 286.011(1), Florida Statutes (the Sunshine Law), gives Appellants the right to be present but not to speak at CMPA meetings. We agree and affirm.
 

 CMPA is a not-for-profit corporation charged by the City of Pensacola with overseeing the development of a parcel of public waterfront property. Appellants are citizens of Escambia County. It is undisputed that CMPA is subject to the requirements of the Sunshine law. The issue before us is not whether CMPA
 
 should
 
 give citizens an opportunity to speak and provide input at its meetings, but rather whether the Sunshine Law provides citizens the
 
 right
 
 to speak at public meetings.
 

 The Sunshine Law provides:
 

 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings
 
 open to the public
 
 at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
 

 § 286.011(1), Fla. Stat. (emphasis added).
 

 Appellants ask us to construe the phrase “open to the public” to grant the public the right to speak at meetings and rely on
 
 Board of Public Instruction of Broward County v. Doran,
 
 224 So.2d 693 (Fla.1969), and cases citing that decision. In
 
 Doran,
 
 the Florida Supreme Court considered the constitutionality of the Sunshine Law, and in concluding that the law was constitutional, the court stated in dicta:
 

 The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country.... Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.
 

 Id.
 
 at 699.
 

 After
 
 Doran,
 
 however, the Florida Supreme Court again discussed the rights of members of the public to participate in public meetings in
 
 Wood v. Marston,
 
 442 So.2d 934 (Fla.1983). In
 
 Marston,
 
 the court reviewed the applicability of the Sunshine Law to a committee delegated by the president of the University of Florida to solicit and screen applicants for the deanship of the college of law.
 
 Id.
 
 at 936-37. The
 
 Marston
 
 court determined that the committee’s meetings were improperly closed to the public.
 
 Id.
 
 However, the court also stated, “nothing in this decision gives the public the right to be more than spectators. The public has no authority to participate in or to interfere with the decision-making process.”
 
 Id.
 
 at 941.
 

 Relying on the language in
 
 Marston,
 
 the trial court determined that, although the Sunshine Law requires that meetings be open to the public, the law does not give the public the right to speak at the meetings. Appellants have failed to point to any case construing the phrase “open to the public” to grant the public the right to
 
 *661
 
 speak, and in light of the clear and unambiguous language in
 
 Marston
 
 (albeit dicta), we are not inclined to broadly construe the phrase as granting such a right here. Rather, we agree with the trial court that the remedy Appellants are seeking in this case is more appropriately left to the legislative process or the local public officials to whom the CMPA board members are accountable.
 

 For these reasons, we affirm the trial court’s entry of summary judgment in favor of CMPA.
 

 AFFIRMED.
 

 KAHN and PADOVANO, JJ., concur.