PER CURIAM.
Barbara J. Herrin (“Herrin”) and Edgewater Citizens Alliance for Responsible Development, Inc. (“the Alliance”), (collectively, “ECARD”) seek review of the final *1095 summary judgment entered in favor of the City of Deltona (“the City”). We affirm.
This case stems from a Deltona City Commission meeting at which there was to be a discussion of the Farmton Local Plan (“the Plan”), a development project spanning approximately 57,000 acres in southeast Volusia County and 12,-000 acres in northern Brevard County. Herrin, a property owner in Volusia County and representative of the Alliance, attended the meeting and sought to be heard when it became time to discuss the Plan. However, the Deltona City Commission refused public input and, pursuant to its staff’s recommendation, adopted a memorandum of understanding (“MOU”) that expressed the City’s intent to enter into an agreement with Volusia County and the Plan’s developer to address the City’s transportation and water concerns stemming from the project.[1]
ECARD filed a complaint for declaratory and injunctive relief, alleging that the City violated section 286.011, Florida Statutes (2010) — Florida’s Sunshine Law — by not allowing Herrin to speak at the Delto-na City Commission meeting. The complaint sought to nullify the MOU and to enjoin the City from entering into further agreements based on the MOU. Both ECARD and the City filed motions for summary judgment.[2] Following a hearing, the trial court granted the City’s summary judgment motion, ruling that the public had no right to participate in the City’s decisionmaking process.
On appeal, ECARD argues that under the Sunshine Law, the public has the right to be heard at public meetings. The Sunshine Law provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
§ 286.011, Fla. Stat. (2010); accord Art. 1, § 24(b), Fla. Const.
ECARD relies upon some of the early cases examining the Sunshine Law. For instance, ECARD cites Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969), where the supreme court stated in dicta:
The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. ... One purpose of the Sunshine Law was to maintain the faith of the public in governmental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.
Id. at 699. ECARD also cites Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974), to support its position. In Gradison, the supreme court discussed the policy reasons for the Sunshine Law, stating:
*1096 Every meeting of any board, commission, agency or authority of a municipality should be a marketplace of ideas, so that the governmental agency may have sufficient input from the citizens who are going to be affected by the subsequent action of the municipality.... Government, more so now than ever before, should be responsive to the wishes of the public. These wishes could never be known in nonpublic meetings, and the governmental agencies would be deprived of the benefit of suggestions and ideas which may be advanced by the knowledgeable public.
Also, such open meetings instill confidence in government. The taxpayer deserves an opportunity to express his views and have them considered in the decisionmaking process.
Those who do not attend public meetings are given ample opportunity to participate in government by seeming information of governmental activities from the news media. Responsible reporting of governmental activities results in letters or telephone calls from interested citizens so that governmental officials are given the benefit of both sides of the question. No governmental board is infallible and it is foolish to assume that those who are elected or appointed to office have any superior knowledge concerning any governmental problem. Every person charged with the administration of any governmental activity must rely upon suggestions and ideas advanced by other knowledgeable and interested persons. As more people participate in governmental activities, the decisionmaking process will be improved.
Id. at 475-76. ECARD submits that both Doran and Gradison confirm that the Sunshine Law gives the public the right to be heard at city commission meetings.
However, as noted by the City (and recognized by ECARD), there is contrasting language from a subsequent supreme court case, Wood v. Marston, 442 So.2d 934 (Fla.1983), that strongly suggests there is less to the public’s purported right to be heard under the Sunshine Law than Doran and Gradison imply. At issue in Wood was a “search-and-screen” committee’s closed-door attempt to find a replacement dean for the University of Florida’s law school. The supreme court held that the committee’s meetings were subject to the Sunshine Law and thus were required to be open to the public. At the same time, the court emphasized, “[w]e hasten to reassure respondents that nothing in this decision gives the pubiie the right to be more than spectators. The public has no authority to participate in or interfere with the decision-making process.” Id. at 941; see also Grapski v. City of Alachua, 31 So.3d 193, 199 (Fla. 1st DCA 2010) (holding city’s procedure to approve canvassing board’s minutes, pursuant to properly noticed public meeting, did not violate Sunshine Law because public had no right to participate or interfere with decision-making process (citing Wood, 442 So.2d at 941)).
Guided by Wood, the First District recently addressed, in Keesler v. Community Maritime Park Associates, Inc., 32 So.3d 659 (Fla. 1st DCA 2010), the precise issue raised in this case. There, the City of Pensacola charged Community Maritime Park Associates with overseeing the development of a parcel of public waterfront property. The issue on appeal was whether, under the Sunshine Law, members of the pubiie had the right to speak at Community Maritime Park Associate’s meetings. The appellants, Escambia County residents, made the same argument as ECARD did in this case with respect to Doran. However, relying on Wood, the *1097 First District found that no such right existed under the Sunshine Law. The court explained:
Appellants have failed to point to any case construing the phrase “open to the public” to grant the public the right to speak, and in light of the clear and unambiguous language in [Wood v.]Marston (albeit dicta), we are not inclined to broadly construe the phrase as granting such a right here. Rather, we agree with the trial court that the remedy Appellants are seeking in this case is more appropriately left to the legislative process or the local public officials to whom the [Community Maritime Park Associates] board members are accountable.
32 So.3d at 660-61. We agree with that analysis.
In our view, the issue is one of statutory interpretation. The starting point of statutory interpretation is the language of the statute itself. GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). If statutory language is clear and unambiguous, “there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931). However, if a statutory provision is ambiguous, courts may employ rules of construction and extrinsic aids to discern legislative intent.[3] Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
Here, the statute does not mention the right to be heard or participate. The phrase “open to the public” most reasonably means that meetings must be properly noticed and reasonably accessible to the public, not that the public has the right to be heard at such meetings.
We view the recent passage of section 286.0114, Florida Statutes (2013), as consistent with and support for our interpretation of the Sunshine Law. Section 286.0114, which takes effect October 1, 2013, specifically provides, with limited exceptions, that the public be allowed a reasonable opportunity to be heard on a proposition before a board or commission. See Ch. 2013-227, §§ 1, 3, Laws of Fla. Under ECARD’s interpretation of the Sunshine Law, section 286.0114 would be superfluous. We do not believe that to be the case.
AFFIRMED.
SAWAYA, ORFINGER and COHEN, JJ., concur.

. Volusia County subsequently approved the MOU.

. The City did not dispute that the meeting was public and that there was no opportunity for public comment before it agreed to the MOU.

. We recognize that the Sunshine Law must be interpreted "most favorably to the public,” see Doran, 224 So.2d at 699, or, stated differently, "broadly construed to effect its remedial and protective purpose.” Wood, 442 So.2d at 938.