612 S.E.2d 467

**Walter L. GAY, d/b/a Sandlapper Tours, Appellant,**

v.

**The CITY OF BEAUFORT, Respondent.**

No. 3980.

Court of Appeals of South Carolina.

Submitted March 1, 2005.

Decided April 18, 2005.

Walter L. Gay, of St. Helena, Pro Se, for Appellant.

William B. Harvey, III, of Beaufort, for Respondent.

HEARN, C.J.

This is an appeal from the trial court's decision affirming the Beaufort City Council's revocation of Walter Gay's business license to conduct tours in the historic district of Beaufort. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

On August 5, 2002, the City of Beaufort granted Walter Gay, doing business as Sandlapper Trolleys, a business license for the purposes of conducting tours through Beaufort, including the historic district. Within the next few days, the city told Gay the license would be revoked because his tour vehicle was considered a "trolley" under Beaufort City Ordinance section 7–11002 and, therefore, could not be used in the historic district.

Gay wrote a letter to the city manager requesting that the city council reconsider revoking his license. Alternatively, he asked that the city ordinance prohibiting the use of trolleys in the historic district be changed. The city council referred the matter to the city manager and city attorney and further requested Beaufort's Tourist Management Advisory Commission ("Commission") to review the ordinance and give a recommendation.

In 2003, based on the Commission's recommendation that the vehicle was considered a "trolley" for purposes of the ordinance as well as statements by several of the individuals who created the ordinance, the city council voted to revoke Gay's license. Gay appealed to the circuit court, which affirmed the decision of the city council. This appeal followed.

## STANDARD OF REVIEW

Where the city council of a municipality has acted after considering all of the facts, the court should not disturb the finding unless such action is arbitrary, unreasonable, or an obvious abuse of its discretion. *Bob Jones Univ., Inc. v. City of Greenville*, 243 S.C. 351, 360, 133 S.E.2d 843, 847 (1963). This court will not disturb on appeal such findings of the city council, concurred in by a circuit judge, unless they are without evidentiary support or against the clear preponderance of the evidence. *Id.* at 363, 133 S.E.2d at 848 (referring specifically to the findings of a master-in-equity, which affirmed the actions of a city council).

## LAW/ANALYSIS

Gay claims the trial court erred in affirming Beaufort City Council's decision to revoke his license to conduct tours

through the historic district because his tour vehicle is not a "theme vehicle," as defined by the city ordinance. We disagree.

The City of Beaufort Ordinance § 7–11003 provides that "[t]heme vehicles other than horse-drawn carriages ... may not be utilized for touring purposes in the historic district." The ordinances further define "theme vehicle" in the following manner:

A vehicle whose design, shape, form, color, signage, or accoutrements is intended to create a particular identity and to call special attention to that vehicle, such as a horse-drawn carriage, *trolley*, pedicab, snail vehicle, or articulated vehicle. Touring vehicles displaying commercial or institutional identification in a customary fashion shall not be considered theme vehicles.

Ordinance § 7–11002. (Emphasis added.)

Gay considered his tour vehicle a "trolley," as evidenced by his trade name "Sandlapper Trolleys" and the content of his letter to the city manager. In that letter Gay referred to his tour vehicle as a "trolley" numerous times. For example, he stated, "I admit that what I have looks similar to a trolley and it is called a trolley." He also argued that his "trolley is a clean vehicle" and "is an asset to any historic area." He also requested help from the city manager in "finding a way to utilize [his] trolley in the historic tours of Beaufort." Finally, he asked the city council to consider amending the ordinance so his vehicle could be used in the historic district.

Additionally, the city manager and the city attorney determined, based on their evaluation of the tour vehicle and the ordinance, that the tour vehicle was a "theme vehicle" as defined by the city ordinance. "[B]ecause of the design and shape" of the tour vehicle, the Commission concluded that the tour vehicle was a trolley and, therefore, fit within Beaufort's definition of a theme vehicle.[2] At the city council meeting, a representative of the Commission stated, "an ordinance change would be necessary for [Gay] to operate" his tour vehicle in the historic district.

---

**2.** Any references to the Commission's recommendations or city council's decisions were extracted from the Beaufort City Council meeting minutes.

Lastly, the city council agreed that the tour vehicle was a bus. However, "because of its design it is considered a theme vehicle." Therefore, the findings of the Beaufort City Council, concurred with by the circuit court, are supported by the preponderance of the evidence.

For the reasons stated herein, the decision of the circuit court is

**AFFIRMED.**

KITTREDGE and WILLIAMS, JJ., concur.