641 S.E.2d 431

**Walter McSHERRY, individually and on behalf of all others similarly situated, and the South Carolina Public Interest Foundation, Appellants,**

v.

**SPARTANBURG COUNTY COUNCIL, Chairman Jeffery A. Horton, Johnnye Code–Stewart, Steve Parker, David Britt, Rock Adams, Ken Huckaby, and Frank Nutt, Respondents.**

**No. 26258.**

Supreme Court of South Carolina.

Heard Jan. 3, 2007.
Decided Feb. 5, 2007.

James G. Carpenter and Jennifer J. Miller, both of The Carpenter Law Firm, of Greenville, for Appellants.

Edwin C. Haskell, III, of Spartanburg, for Respondents.

Chief Justice TOAL:

Walter McSherry and the South Carolina Public Interest Foundation (collectively "Appellants") appeal an order of the circuit court denying their request for declaratory relief and holding that Respondent, Spartanburg County Council ("Council"), properly enacted a $25.00 road maintenance fee ordinance. We affirm.

### Factual/Procedural Background

At a publicly advertised Council meeting in February 2005, council member Ken Huckaby made a motion to adopt a road user fee of $25.00 for Spartanburg County. The county attorney moved to have the "first reading of an Ordinance to adopt the road fee by title only," and advised Council that he would have something drafted up for the next meeting. At the time, neither the title nor the ordinance was written. By Council's next meeting, however, the proposed ordinance had been reduced to writing. In late February 2005, Council held a public hearing to discuss the ordinance and the ordinance received second reading. The ordinance received third reading in March 2005. The ordinance became effective July 1, 2005.

Appellants instituted this complaint for declaratory relief, contending the ordinance was not lawfully enacted because it did not exist in written form at the time of the first reading. The circuit court upheld the ordinance, finding Council had sufficiently complied with the three reading requirement of S.C.Code Ann. § 4–9–120 (1986).[1]

Appellants filed this appeal, and we certified this case from the court of appeals pursuant to Rule 204(b), SCACR. Appellants present the following issue for this Court's review:

Did the circuit court err in holding the road maintenance fee ordinance was properly enacted?

### Law/Analysis

S.C.Code Ann. § 4–9–120 (1986) sets forth procedures to be used by County governments in adopting ordinances. It provides, in part:

The council shall take legislative action by ordinance which may be introduced by any member. With the exception of emergency ordinances, all ordinances shall be read at three public meetings of council on three separate days with an

---

1. Council has since enacted a similar road maintenance fee ordinance and began collecting the fee under that ordinance. This second ordinance has not been challenged in this case. Accordingly, the only fees at issue on appeal are those collected for several months under the initial ordinance.

interval of not less than seven days between the second and third readings.

*Id.* Furthermore, S.C.Code Ann. § 4–9–110 (1986) provides that "council shall determine its own rules and order of business." Pursuant to § 4–9–110, Spartanburg adopted the Spartanburg County Council Rules of Procedure. Article 9 of those rules provides, in part, as follows:

9–1 ORDINANCES AND RESOLUTIONS IN GENER-AL (4–9–120): The Council shall take legislative action by ordinance ...

9–2 READINGS: with the exception of emergency ordinances, all ordinances shall be read at three public meetings of the Council on three separate days with an interval of not less than seven days between the second and third reading; provided that a verbatim reading of an ordinance shall not be required unless such reading is requested by a member.

9–3 FIRST READING: **An ordinance may be introduced for first reading at any meeting of the Council by title only.**[2] No vote shall be taken and no debate or amendment shall be in order. The ordinance shall be referred by the Chairperson to an appropriate committee or to the Council as a whole.

9–4 SECOND READING: Reports on a proposed ordinance shall be presented at the next meeting after the first reading, ... **Prior to the second reading, a draft of the text of the ordinance shall be delivered to every member.** After the proposed ordinance shall have been read, amendments shall be in order.... Any member of the Council may require that amendments be in writing.

(emphasis supplied).

Appellants acknowledge that an ordinance may validly be introduced for first reading by title only. However, Appellants assert that the procedure in this case was fundamentally flawed inasmuch as there was no ordinance in existence at the time of the first reading. Although we are disconcerted by

---

**2.** Subsequent to the trial court's issuing its final order, Council amended this language to read, "[t]he title to the ordinance shall be in writing at the time the ordinance is introduced and shall disclose the object of the ordinance."

the methodology utilized by Council in this matter, we disagree with Appellants' argument.

Our precedent provides:

[T]he first reading of a bill is merely a formal matter on which no vote is taken, and ... the construction placed by the Legislature upon its own procedure for so many years should be regarded as the correct interpretation. The courts of almost all of our states have adopted the rule that the legislative construction placed upon doubtful constitutional provisions is entitled to great weight and consideration, and raises a strong presumption that it is correct, and will generally be adopted by the courts.

*Thompson v. Livingston,* 116 S.C. 412, 419, 107 S.E. 581, 583 (1921). Furthermore, "[i]n reviewing the discretionary decision of a legislative body, our courts have been loath to substitute their judgment for that of elected representatives. Such decisions should not be upset on appeal unless [they are] arbitrary, unreasonable, in obvious abuse of discretion, or in excess of lawfully delegated power." *Sloan v. Greenville County,* 356 S.C. 531, 555–56, 590 S.E.2d 338, 351 (Ct.App. 2003).

As noted, Council's Rules of Procedure Section 9–3 allows for a first reading by title only, and provides that the matter may then be referred to a committee. Section 9–4 then allows that, prior to a second reading, a draft of the text of the ordinance shall be delivered to every member. Implicit in this language is the possibility that the ordinance may be drafted in between the first and second readings. Importantly, nothing in the Code or in Article VIII of the South Carolina Constitution, which authorizes and establishes Home Rule, requires that an ordinance be in written form when it receives first reading. Thus, there is neither a constitutional provision nor a statutory requirement on which this Court could base an invalidation of Council's rules and procedures.

The minutes of the first meeting wherein the road maintenance fee was suggested reveal that Council discussed the proposed ordinance at length and that all members were well aware of the nature and reason for the road maintenance fee. As noted by the circuit court, "considering [Article 9] as a whole, it is clear that the requirements of this Article

envision a process where ordinances can be developed from a possibly conceptual idea (section 9–3), to where a draft text of a proposed ordinance is developed and modified (section 9–4)." Although the better practice may have been for the title to be in writing at the time of the first reading, we cannot say that this alone caused the ordinance's enactment to be invalid. *Cf. Bauer v. South Carolina State Hous. Auth.*, 271 S.C. 219, 231, 246 S.E.2d 869, 875 (1978) (legislation is not invalid simply because this Court feels a different methodology would have been more effective).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision.

MOORE, BURNETT, JJ., and Acting Justices James W. Johnson, Jr. and L. Casey Manning, concur.