682 S.E.2d 508

**LEXINGTON COUNTY HEALTH SERVICES DISTRICT,**
**d/b/a Lexington Medical Center, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant.**

**No. 4597.**

Court of Appeals of South Carolina.

Heard May 12, 2009.
Decided July 22, 2009.
Rehearing Denied Sept. 17, 2009.

Milton G. Kimpson, Ray N. Stevens, Harry T. Cooper, Jr., and Nicholas P. Sipe, all of Columbia, for Appellant.

David B. Summer, Jr., and Faye A. Flowers, both of Columbia, for Respondent.

LOCKEMY, J.

The South Carolina Department of Revenue (the Department) appeals the Administrative Law Court's (ALC) determination that Lexington County Medical Center (Lexington Medical) was entitled to a refund of sales and use taxes under section 44–7–2120 of the South Carolina Code (2002). We reverse.

## FACTS AND PROCEDURAL HISTORY

Lexington Medical is an incorporated health services district created in 1988 pursuant to section 44–7–2010 of the South Carolina Code (2002). Lexington Medical owns and operates numerous health care facilities in Lexington County, and it began expanding its operations in 2002. From 2002 to 2006, Lexington Medical paid various vendors for purchases of capital equipment and building materials related to the facility expansion and upgrade. The vendors passed on sales and use taxes to Lexington Medical. In 2005, Lexington Medical filed amended sales and use tax returns claiming entitlement to refunds of sales and use taxes it paid to vendors on direct purchases of tangible personal property and for sales taxes it paid for construction contracts. In 2005, Lexington Medical sought a $303,939.53 refund from the Department based on the sales and use taxes passed on from vendors in 2002. Subsequently, Lexington Medical amended its refund application and ultimately sought $8,389,717.21 in refunds from the Department for claims from April 2002 to August 2006.

The Department's Audit Service Division denied Lexington Medical's refund request by letter in 2005. Lexington Medical appealed this decision within the Department without success. In another denial letter, the Department advised Lexington Medical that it would need its vendors to assign it their right to a refund. In a final agency determination, the Department found section 44–7–2120 did not exempt Lexington Medical from sales and use taxes on its purchases of new equipment and other tangible personal property used for capital upgrades and additions to real property. In its decision, the Department noted Lexington Medical, as a regional health services district, was exempt from certain state taxes but concluded Lexington Medical misinterpreted the statute with regard to

the matter at issue. The Department concluded Lexington Medical was exempt from sales taxes only on the sale of construction materials between two health services districts or between a district and its wholly-owned subsidiary.

Subsequently, Lexington Medical petitioned for administrative review and requested a contested case hearing. On appeal, the ALC rejected the Department's interpretation of section 44–7–2120 and held health services districts were exempt from payment of sales and use taxes on materials used in the construction and equipping of a district's healthcare facilities. Consequently, the ALC found Lexington Medical was entitled to an $8,389,717.21 refund in sales and use taxes paid on its purchases of equipment and other tangible personal property used for capital upgrades and additions to real property in connection with its clinical expansion project. The ALC came to its conclusion after examining legislative history, legislative intent, and other provisions of the South Carolina Code. The Department appeals that finding.

## STANDARD OF REVIEW

The standard of review for a court reviewing the decision of the ALC is set forth in the Administrative Procedures Act. S.C.Code Ann. § 1–23–610 (Supp.2008). "The review of the administrative law judge's order must be confined to the record." § 1–23–610(D). Under section 1–23–610(B), our court may reverse or modify the decision of the ALC if its findings, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

## LAW/ANALYSIS

### I. Health Services District Exception

The Department argues the ALC erred in finding Lexington Medical was exempt from paying certain sales and use

taxes based on its construction of section 44–7–2120. The Department states exemption statutes should be strictly construed against taxpayers, and that under this principle, Lexington Medical should not be exempt from paying certain sales and use taxes. We find the ALC erred in its interpretation of the exemption statute.

## A. Exemption Statute

 "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* The legislative language in a statute is considered the best evidence of the legislative intent or will, and courts are bound to implement the legislature's expressed intent. *See id.* Accordingly, the question before us is whether the statutory language is clear on its face. If the language is clear, we are bound to apply its plain meaning.

Pursuant to section 44–7–2120:

All properties owned by a district, whether real, personal, or mixed, and the income from the properties, all securities issued by a district and the indentures and other instruments executed as security therefor, all leases made pursuant to the provisions of this article, and all revenues derived from these leases, and all deeds and other documents executed by or delivered to a district, are exempt from any and all taxation by the State or by any county, municipality, or other political subdivision of the State, including, but without limitation, license excise taxes imposed in respect of the privilege of engaging in any of the activities in which a district may engage. A district is not obligated to pay or allow any fees, taxes, or costs to the clerk of court, the Secretary of State, or the register of deeds in any county in respect of its incorporation, the amendment of its certificate of incorporation, or the recording of any document. The gross proceeds of the sale of any property owned by the district and used in the construction and equipment of any health care facilities for a district is exempt from all other

and similar excise or sales taxes. It is the express intent of this section that any district authorized under this article incurs no tax liability to the State or any of its political subdivisions except to the extent that sales and use taxes may be payable on the purchases of goods or equipment by the district.

Focusing on the third sentence of section 44–7–2120, the Department maintains this provision allows health districts to sell its tangible personal property for use in constructing and equipping health care facilities without incurring any sales or use tax obligations. Here, Lexington Medical's exemption claim focuses on its purchase of personal property rather than its receipt of gross proceeds from a sale. We agree with the Department because the following provision is clear on its face: "The gross proceeds of the sale of any property owned by the district and used in the construction and equipment of any health care facilities for a district is exempt from all other and similar excise or sales taxes." This provision seems to limit the sales and use tax exemptions to only property *sold by health districts to other health districts.* Specifically, we do not interpret the statute to exempt health districts from sales and use taxes when *buying property from an entity which is not a health district* based on the "owned by the district" language from the statute.

█ Furthermore, we find the last sentence of the statute, read plainly, leads to the same interpretation. The last sentence of section 44–7–2120 provides: "It is the express intent of this section that any district authorized under this article incurs no tax liability to the State or any of its political subdivisions *except to the extent that sales and use taxes may be payable on the purchases of goods or equipment by the district.*" (emphasis added). Therefore, it appears that the legislature's intent was to exempt health districts from certain tax obligations, with sales taxes incurred on purchases of goods or equipment as the express exception. Under the "plain meaning rule," we hold health districts are not exempt from excise or sales taxes incurred from construction and equipment of any health care facilities.

## B. Absurd Result

■ At this point, our analysis turns to whether our interpretation would lead to an absurd result, as the ALC found and Lexington Medical now argues. If our interpretation would lead to a result unintended by the legislature and plainly absurd, we should reject it. *So. Bell Tel. & Tel. Co. v. S.C. Tax Comm'n,* 297 S.C. 492, 496, 377 S.E.2d 358, 361 (Ct.App.1989) ("However plain the ordinary meaning of the words used in a statute, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not have been intended by the [l]egislature."). We believe our interpretation of the exemption statute would not lead to an absurd result.

Lexington Medical argues the casual or isolated sales exception, regulation 117–322 of South Carolina Code of Regulations (Supp.2008), creates an absurdity when read in conjunction with section 44–7–2120. Non-merchants are exempt from paying sales taxes under regulation 117–322. "Casual or isolated sales by persons not engaged in the business of selling tangible personal property at retail are not subject to the sales or use tax." *Id.* Under regulation 117–322, "the term 'casual' means occurring, encountered, acting or performed without regularity or at random. The term 'occasional' and the term 'isolated' mean occurring alone or once, an incident not likely to recur, sporadic." During the ALC hearing, Lexington Medical's expert opined: "[I]n the unlikely event a sale of goods by a district to a parent or subsidiary or a related entity occurred, that transaction would be excluded as a 'casual sale' pursuant to S.C.Code Reg. 117–322." The ALC considered regulation 117–322 when making its conclusion that section 44–7–2120 creates an exemption for Lexington Medical. We disagree.

As the Department contends, a determination of whether a sale is "casual" depends on a number of factors and must be determined on a case-by-case basis. Therefore, section 44–7–2120 would not require such an analysis but provides a general exemption for health care districts when selling tangible property to other health care districts.

Moreover, the South Carolina Code imposes a duty to pay sales taxes on "every person engaged or continuing within this

State in the business of selling tangible personal property at retail." S.C.Code Ann. § 12–36–910(A) (Supp.2008). Here, we are dealing with contractors who went to merchants to purchase supplies for construction. Those retailers were required to pass on the sales taxes incurred from purchases to the state. *See* § 12–36–910(A). Furthermore, under current South Carolina law, no public entity, such as a city, municipality, or school, is wholly exempt from paying sales tax to expand its facilities.

We have considered the support asserted by Lexington Medical, including legislative history, other code sections, and the casual or isolated sales exception in regulation 117–322. After careful consideration, we disagree with Lexington Medical's assertion that the Department's interpretation of section 44–7–2120 requires one to assume that the legislature intended to create a nullity or an absurdity and find that one does not exist here.

## II. Assignment of Refund

The Department maintains Lexington Medical's assignment from vendors was not in compliance with section 12–60–470(C)(3) of the South Carolina Code (Supp.2005) because Lexington Medical obtained the assignments before receiving approval of the refund. Based on our decision to reverse the ALC's interpretation of the exception statute, we need not address whether the ALC erred in concluding Lexington Medical's assignments from third party vendors were sufficient to assign refund claims for sales taxes paid because this issue is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

We reverse the ALC based on the plain reading of section 44–7–2120. Accordingly, we hold Lexington Medical is not entitled to an $8,389,717.21 refund in sales and use taxes paid on its purchases of equipment and other tangible personal property used for capital upgrades and additions to real

property in connection with its clinical expansion project. We have considered Lexington Medical's absurd interpretation argument and find it is without merit. Based on our decision to reverse the ALC's interpretation of section 44–7–2120, we need not address the Department's assignment argument. Accordingly, the decision of the ALC is

**REVERSED.**

SHORT and WILLIAMS, JJ., concur.