681 S.E.2d 921

**AMRIK SINGH & SBPS, INC. d/b/a Travel Inn, Respondents,**

v.

**CITY OF GREENVILLE, Appellant.**

**No. 4601.**

Court of Appeals of South Carolina.

Heard April 23, 2009.
Decided July 29, 2009.

Ronald W. McKinney, of Greenville, for Appellant.

James W. Fayssoux, Jr., and Ryan L. Beasley, both of Greenville, for Respondents.

HEARN, C.J.

The City of Greenville appeals an order from the circuit court granting Amrik Singh and SPBS, Inc., (collectively Singh), a second set of business license revocation hearings. We reverse and remand.

## FACTS

Singh is the president and sole shareholder of SBPS, Inc., which owns and operates the Travel Inn Motel located at 755

Wade Hampton Boulevard in Greenville, South Carolina. In 2006, Jonathan Simons, Interim Director of Office Management and Budget for the City, notified Singh that his business license to operate the Travel Inn Motel was to be revoked.[1] Thereafter, Singh requested a hearing pursuant to section 8–44(b) of the City of Greenville Code of Ordinances.[2]

A revocation hearing was held, and the City presented evidence that Singh had held a business license for the Travel Inn from 2004 to 2006. The City also presented testimony from Lieutenant Randle Evett, of the City of Greenville Police Department, who stated there was an abnormally high amount of calls for service coming from the Travel Inn since the beginning of 2004. Specifically, Evett testified the police department received 918 calls for service from the Travel Inn between April of 2004 and June of 2006.[3] Evett noted that in 2004 he had spoken to Singh's daughter, who was manager of the Travel Inn, about the number of calls, but that following the conversation, the number of calls for service actually increased.

According to Simons, of the 918 calls, 194 required an incident report, including forty-six drug-related violations; thirty-four trespass after notice and notice given violations; twelve assaults; two assault and batteries with intent to kill; two armed robberies; nine stolen vehicles; fifteen petty larcenies; four disorderly conducts; and two controlled purchases of crack-cocaine by Singh's daughter.

In response, Singh presented evidence that he owned the subject property for only three months prior to receiving the letter revoking his business license. Singh further stated that, while he managed the Travel Inn during the time frame

---

1. Section 8–43(b) of the City of Greenville Code of Ordinances gives the City the power to revoke a business license where the licensee's business amounts to a public nuisance.

2. Section 8–44(b) provides in relevant part: "The applicant or licensee may, within five working days from the date of the notice, request a hearing to contest the grounds or request an extension of time to close the business. The hearing shall be held within 15 days unless additional time is allowed by the city manager."

3. A call for service is defined as a call or occurrence requiring an on-the-scene Police response.

in which the calls for service were accumulated, he did not have the authority to make the changes needed to address the issues. Singh maintained the letter from Simons was the first formal notice he had received informing him his business constituted a nuisance.

At the close of evidence, the hearing officer recommended Singh's business license revocation be upheld. Pursuant to section 8–44(c) of the Greenville Code of Ordinances,[4] Singh appealed that decision to the city council. In the meantime, Singh also unsuccessfully sought a temporary injunction in an effort to continue his business operations during the pendency of his appeal.

On appeal to the city council, the city manager's decision to revoke Singh's business license was modified, allowing Singh to provisionally reopen his business for sixty days under a "Conditional Business License." The city council expressly allowed the city manager to establish the conditions[5] with which Singh had to comply, and stated that any deviation from

---

4. Section 8–44(c) of the Greenville Code of Ordinances provides in relevant part: "An appeal, which shall not stay the revocation, may be taken upon the written record to the city council. Notice of such appeal shall be served upon the city clerk within five days from the final action by the city manager, specifying the grounds for appeal and the action requested . . . ."

5. The conditions included: (1) Maintain a log of persons placed on trespass notice, which Police will be able to inspect at anytime without notice and refuse to rent rooms to any person on this list; (2) require presentation of identification and motor vehicle tag number from all patrons upon registering for lodging; (3) require a $100.00 security deposit for patrons residing at Travel Inn for more than one week continuously; (4) prohibit hourly room rates; (5) maintain security cameras and record all activity for retrieval, as well as monitoring cameras twenty-four hours per day and allowing Police to monitor the cameras at anytime without prior notice; (6) provide written documentation that security personnel used by Travel Inn are licensed and bonded by the State of South Carolina and that security personnel must be on duty twenty-four hours per day, seven days per week, monitoring all parking lots and the sidewalk in front of Travel Inn to reduce prostitution; (7) submit names and addresses of security personnel and Travel Inn employees to the Police, and the employees must not have criminal convictions; (8) Police will be able to inspect all rooms before reopening November 20, 2006; (9) property owner and manager are responsible for maintaining the grounds and complying with the property maintenance code; (10) enforce all conditions in the Travel Inn policy submitted to the City of Greenville.

the conditions would result in the automatic revocation of Singh's conditional license. The council further stated that after the sixty-day period, the Travel Inn would be placed on a "six-month Probation Period," as long as the city manager certified the business had been in complete compliance with the conditions during the sixty days. The city council gave the city manager full discretion to determine whether the conditions were in fact violated, with the police department to report any violations directly to the city manager.

Upon expiration of the sixty-day period, the chief of the Greenville Police Department submitted an evaluation concerning the Travel Inn's compliance with the conditions set forth in the agreement. The evaluation stated the Department's vice and narcotics squads checked the Travel Inn and its premises on a daily basis, and ultimately found Singh had met the conditions outlined in the agreement.

Following the chief of police's report, the city manager extended the probationary period for one year under the existing terms and conditions. Approximately one month later, the city manager wrote to Singh informing him the Travel Inn's business license would be revoked based upon Singh's "inability or unwillingness to maintain a safe, drug-free, and crime-free environment." The letter referenced four incidents which the manager determined constituted a continued nuisance, thereby necessitating revocation. Thereafter, Singh requested an appeal to the city council pursuant to section 8–44(c). The City denied Singh's request for a hearing, believing Singh's previous hearing constituted his appeal for this matter under section 8–44(c). Singh again sought a temporary injunction to allow him to continue to operate his business. Upon denial of this request, Singh appealed the revocation of his business license to the circuit court pursuant to Rule 74, SCRCP.[6]

---

6. Rule 74, SCRCP provides in relevant part:

    Except for the time for filing the notice of appeal, the procedure on appeal to the circuit court from the judgment of an inferior court or decision of an administrative agency or tribunal shall be in accordance with the statutes providing such appeals. Notice of appeal to the circuit court must be served on all parties thirty days after receipt of written notice of the judgment, order or decision appealed from.

On appeal, Singh argued the revocation of his business license and the City's subsequent decision to deny a rehearing of his appeal, violated his right to procedural due process and thus was arbitrary. Singh further argued the City's abdication of its monitoring responsibilities, in ceding complete discretion to the city manager, created a means of evading meaningful appellate review.

The City again maintained that the entire process should not be viewed as anything other than one complete revocation process, and, therefore, Singh had already received a hearing before the city council in compliance with Rule 74 and attendant procedural due process. Additionally, the City argued the circuit court did not have jurisdiction to hear the appeal by virtue of an additional suit pending before it.

The circuit court found the city council was under no obligation to grant Singh a provisional license, but upon doing so, the provisional license acted as a new business license with its own set of unique conditions. Consequently, the circuit court reversed the city council's revocation of Singh's business license, finding that due process entitled Singh to a second hearing regarding the revocation of his conditional license. This appeal followed.

## STANDARD OF REVIEW

■  In reviewing the discretionary decision of a legislative body, our courts have been hesitant to substitute their judgment for that of elected representatives. *McSherry v. Spartanburg County Council*, 371 S.C. 586, 590, 641 S.E.2d 431, 434 (2007). "When the city council of a municipality has acted after considering all of the facts, this court should not disturb the finding unless such action is arbitrary, unreasonable, or an obvious abuse of its discretion." *Gay v. City of Beaufort*, 364 S.C. 252, 254, 612 S.E.2d 467, 468 (Ct.App.2005).

## LAW/ANALYSIS

■  The City contends the circuit court erred in finding the one year provisional business license acted as a new license thereby entitling Singh to a second set of business license revocation hearings. We agree.

At the initial hearing, the city manager revoked Singh's business license under section 8–43(b) finding the Travel Inn constituted a public nuisance. On appeal, city council voted to hold the revocation in abeyance provided Singh complied with the conditions as set forth by the city council. Following the initial 60–day probationary period, the city manager reviewed the police department's recommendation and ultimately extended Singh's conditional license by an additional year. In so extending, the city manager retained sole discretion to revoke Singh's license immediately for noncompliance. Within one month of extending Singh's conditional license, the Travel Inn accumulated four additional incident reports. As a result, the city manager reinstated the revocation of Singh's license.

These facts clearly demonstrate the one year extension of the provisional license did not act as a new business license; instead, it was merely a continuation of the previous revocation process. The four incidents that occurred within the month after the extension of the conditional license cannot, and should not, be viewed in isolation from the 918 other calls for service on which the license was initially revoked. Consequently, it was error for the circuit court to find the conditional business license issued by the city council acted as a new license.

■ Based on our decision that the revocation was one continuous process, Singh's concerns about the violation of his due process rights are misplaced. Singh still had the right to appeal the revocation to circuit court for a determination of whether or not the decision was arbitrary, unreasonable, or an obvious abuse of discretion. That review did not take place because the circuit court erroneously viewed the ultimate revocation as a new proceeding.

Therefore, on remand, the circuit court should review the initial complaints against Singh, in addition to the four subsequent complaints, in order to determine whether the city's decision to revoke Singh's license was arbitrary, unreasonable, or an obvious abuse of discretion. In reaching its decision, the court may also consider the actions of city council in relinquishing complete discretion to the city manager to determine issues of compliance, and the ability to extend the period for

the conditional business license. Accordingly, the decision of the circuit court is

■ **REVERSED and REMANDED.**[7]

PIEPER, J., and LOCKEMY, J., concur.

---

7. The city also argues the circuit court lacked subject matter jurisdiction to hear this matter by virtue of Singh filing two appeals. Subject matter jurisdiction is defined as "the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994). Pursuant to Rule 74, SCRCP, it is clear the circuit court may hear an appeal from an inferior court, administrative agency, or tribunal. *See* Rule 74, SCRCP (providing the procedures for appeal to the circuit court from inferior courts, administrative agencies, and tribunals). Accordingly, we hold the circuit court had subject matter jurisdiction to hear this appeal.