THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Pearlie Mae Sherald, Appellant,
 
 

v.

 
 
 
 
 City of Myrtle Beach, Respondent.
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2010-UP-449
 Heard October 6, 2010  Filed October
19, 2010   

AFFIRMED

 
 
 
 Howard
 S. Sheftman and William R. Padget, of Columbia, for Appellant.
 Michael
 W. Battle, of Conway, for Respondent.
 
 
 

PER
 CURIAM:  This appeal arises from a circuit court order affirming the Myrtle Beach City
 Council's revocation of Pearlie Mae Sherald's business license to operate a
 night club in downtown Myrtle Beach.  After a thorough review of the evidence
 in the record, we find the City's grounds for revocation are supported by the
 evidence.  Accordingly, we affirm the order of the circuit court pursuant to
 Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. §
 15-43-10(A) (2005) ("A person who erects, establishes, continues,
 maintains, uses, owns, occupies, leases, or releases any building or other
 place used for the purposes of . . . prostitution, repeated acts of unlawful
 possession or sale of controlled substances . . . in this State is guilty of a
 nuisance."); S.C. Code Ann. § 15-43-40 (2005) ("[E]vidence of the
 general reputation of the place shall be competent for the purpose of proving
 the existence of the nuisance."); Section 11-35 of the Myrtle Beach City
 Code (providing, in pertinent part, for the suspension or revocation of a
 business license when a licensee has: (1) breached any condition upon which his
 license was issued or has failed to comply with the provisions of this article;
 (2) obtained a license through fraud, misrepresentation, a false or misleading
 statement, evasion, or suppression of a material fact in the license
 application; or (3) engaged in unlawful activity or nuisance related to the
 business); Amrik
 Singh & SBPS, Inc. v. City of Greenville, 384 S.C. 365, 370, 681 S.E.2d
 921, 924 (Ct. App. 2009) ("When the city council of a municipality
 has acted after considering all of the facts, this court should not disturb the
 finding unless such action is arbitrary, unreasonable, or an obvious abuse of its
 discretion."); Gay v. City of Beaufort, 364 S.C. 252, 254,
 612 S.E.2d 467, 468 (Ct. App. 2005) ("This court will not disturb on
 appeal such findings of the city council, concurred in by a circuit judge,
 unless they are without evidentiary support or against the clear preponderance
 of the evidence.").[1]  
AFFIRMED.
WILLIAMS
 and PIEPER, JJ., and GOOLSBY, A.J., concur.

[1]  Based on our
 disposition herein, Sherald is not entitled to an award of reasonable attorney's
 fees and costs.  See S.C. Code Ann. § 15-77-300 (2005).