744 S.E.2d 517

Don ALEXANDER, Carolyne Williams, Georgia F. Fields, William R. "Bob" Dixon, Colonel Joe H. Zorn, Jr., Melanie Wright, and Dr. M.O. Khan, Appellants,

v.

Freddie HOUSTON, David Kenner, Keith Sloan, Lowell Jowers, Sr., Joe Smith, Harold Buckmon, and Travis Black, individually and in their capacity as members of Barnwell County Council, Respondents.

Appellate Case No. 2012–212034.

No. 27260.

Supreme Court of South Carolina.

Heard April 2, 2013.
Decided May 29, 2013.

A. Camden Lewis, Keith M. Babcock, and Arial E. King, all of Lewis Babcock & Griffin, LLP, of Columbia, for Appellants.

Elmer Kulmala, of Harvey & Kulmala, and James D. Mosteller, III, of The Mosteller Law Firm, LLC, both of Barnwell, for Respondents.

Justice KITTREDGE.

This is a direct appeal from the circuit court's order dismissing a declaratory judgment action pursuant to a Rule 12(b)(6), SCRCP, motion. We reverse and remand.

## I.

In 1988, the Barnwell County Council (the Council or Respondents) passed an ordinance creating the Board of Trustees (the Board) for the Barnwell County Hospital (the Hospital). The ordinance stated the Board was created "for the purposes of operating and maintaining adequate hospital facilities for the residents of Barnwell County[,]" and delineated the powers and duties of the Board.[1] The ordinance also described the composition of the Board, set term limits, and provided members annual compensation. Over the years, the Council has passed various ordinances related to the Board.

Appellants, former Board members, allege that in 2009, during their time of service on the Board, the Council was developing a strategy in conjunction with Bamberg and Allendale Counties to close the respective county hospitals and create one hospital for all three counties. Appellants assert

---

1. The powers and duties include, but are not limited to, the authority to: adopt bylaws; operate the Hospital and its facilities; accept gifts, donations, and devises; improve and maintain the Hospital facilities; establish rates charged by the Hospital; contract; expend the proceeds derived from revenue generated; sue and be sued; employ various personnel; establish personnel policies; and adopt a budget to be approved by the Council.

the Council embarked upon various detrimental actions against the Hospital in connection with the strategy and maintain these actions financially crippled the Hospital. According to Appellants, when they resisted the Council's plan, which included the Hospital filing for bankruptcy, the Council voted to remove Appellants from the Board and appointed themselves as Board members. The Council, in their new, self-appointed status as Board members, placed the Hospital in bankruptcy.

Appellants filed an action seeking a declaration that the Council violated the constitutional prohibition against dual office holding when it assumed positions as Board members. In response, the Council filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, for failure to state a claim. The Council argued the claim presented a non-justiciable political question, and the dual office prohibition was not violated by what it termed a "vertical" duality. Specifically, the Council contended that because the Board is a sub-entity of the Council, the two offices represented vertical, rather than horizontal, duality which does not run afoul of the Constitution. They cited no authority to support this unique theory.

The circuit court granted the Council's motion to dismiss, finding the issue was a non-justiciable political question. Nevertheless, the circuit court addressed and rejected the dual office holding challenge. Appellants filed a notice of appeal, and the appeal was certified to this Court, pursuant to Rule 204, SCACR.

## II.

### A.

Appellants first contend the circuit court erred in holding the issue presented was a non-justiciable political question. We agree.

"The nonjusticiability of a political question is primarily a function of the separation of powers." *Segars–Andrews v. Judicial Merit Selection Comm'n*, 387 S.C. 109, 121, 691 S.E.2d 453, 460 (2010) (quoting *S.C. Pub. Interest Found. v. Judicial Merit Selection Comm'n*, 369 S.C. 139, 142, 632 S.E.2d 277, 278 (2006)). "The fundamental characteristic

of a nonjusticiable 'political question' is that its adjudication would place a court in conflict with a coequal branch of government." *Id.* at 122, 691 S.E.2d at 460 (quoting *S.C. Pub. Interest Found.*, 369 S.C. at 142–43, 632 S.E.2d at 278). "In the instance of nonjusticiability, consideration of the cause is not wholly and immediately foreclosed; rather, the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded." *Id.* (quoting *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). Indeed, the political question doctrine "is one of 'political questions,' not one of 'political cases.' " *Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). "The courts cannot reject as 'no law suit' a bona fide controversy as to whether some action denominated 'political' exceeds constitutional authority." *Id.* Therefore, "this Court is duty bound to review the actions of the Legislature when it is alleged in a properly filed suit that such actions are unconstitutional[.]" *Segars–Andrews,* 387 S.C. at 123, 691 S.E.2d at 460.

The circuit court erred in dismissing Appellants' claim as a nonjusticiable political question. A court must conduct a limited examination of the matter when it is argued a non-justiciable political question is presented. Here, Appellants do not challenge the wisdom of the Council's actions or the process by which this situation developed. Nor do Appellants contest the broad powers granted to counties by the legislature.[2] Rather, Appellants make a specific and concrete assertion that due to Respondents' actions, Respondents now hold two offices for honor or profit in violation of the Constitution. This question presents a bona fide legal challenge which is proper for judicial resolution.

---

2. With the passage of the Home Rule Act, S.C.Code Ann. §§ 4–9–10– 1210 (Supp.2012), and specifically section 4–9–30(6), counties were granted broad powers to establish, regulate, merge or abolish such boards, agencies, departments and positions as may be necessary and proper. *See also* S.C. Const. Art. VIII, § 7 ("The General Assembly shall provide by general law for the structure, organization, powers, duties, functions and the responsibilities of counties....."). It is this broad grant of power which the Council asserts renders the claim at hand a non-justiciable political question.

620

## B.

The South Carolina Constitution provides: "No person may hold two offices of honor or profit at the same time." S.C. Const. art. VI, § 3. To be considered an office for purposes of the dual office holding provision, it must be demonstrated that " 'the power of appointment comes from the state, the authority is derived from the law, and the duties are exercised for the benefit of the public.' " *Segars–Andrews*, 387 S.C. at 124, 691 S.E.2d at 461 (quoting *Willis v. Aiken County*, 203 S.C. 96, 103, 26 S.E.2d 313, 316 (1943)). Furthermore, " '[t]he powers conferred and the duties to be discharged with regard to a public office must be defined, directly or impliedly, by the legislature or through legislative authority.' " *Id.* quoting (63C Am Jur.2d *Public Officers and Employees* § 5 (2009)).

The Council concedes, as it must, that service on the Board constitutes an office in the constitutional sense.[3] *See Op. S.C. Att'y Gen.*, 2007 WL 655610, at *1–2 (2007) (finding service on the Board is a constitutional office). Indeed, the ordinance creating the Board establishes the specifics of Board composition and membership, and contains an extensive list of powers and duties afforded to the members of the Board.

Despite its concession, the Council asserts there is no constitutional violation in serving in more than one office. The Council contends its duality is vertical, rather than horizontal, and is therefore constitutional. The Council's argument misapprehends the prohibition on dual office holding.[4]

---

3. Likewise, it is undisputed that service on the Council is an office in the constitutional sense.

4. The most prominent exception to the dual office prohibition is the ex officio or incidental duties exception, which provides that "dual office holding in violation of the constitution is not applicable to those officers upon whom other duties relating to their respective offices are placed by law." *Segars–Andrews* (quoting *Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 92, 44 S.E.2d 88, 95 (1947)). "A common example is ex officio membership upon a board or commission of the unit of government which the officer serves in his *official capacity*, and the functions of the board or commission are related to the duties of the office." *Ashmore*, 211 S.C. at 92, 44 S.E.2d at 95 (emphasis added). This exception "may properly be invoked only where there is a constitu-

*See Ashmore v. Greater Greenville Sewer Dist.*, 211 S.C. 77, 89–90, 44 S.E.2d 88, 94 (1947) ("The proposition seems to us to prove itself, that a member cannot sit upon the board of auditorium trustees established in the act under review and at the same time retain his membership in the General Assembly. The language of the fundamental law is plain and unambiguous. It admits of no doubt of its meaning."). Membership on the Board is a separate and distinct constitutional office, and the Council has not asserted its service on the Board is in an ex officio capacity supported by a constitutional nexus. Given the record before us, we are constrained to conclude Respondents' simultaneous service on the Council and the Board constitutes improper dual office holding in violation of the Constitution.

The circuit court erred in granting the motion to dismiss Appellants' declaratory judgment action, and we reverse and remand.

**REVERSED AND REMANDED.**

TOAL, C.J., BEATTY, and HEARN, JJ., concur.
PLEICONES, J., concurring in result only.

---

tional nexus in terms of power and responsibilities between the first office and the 'ex officio' office." *Segars–Andrews*, 387 S.C. at 126, 691 S.E.2d at 462.

Respondents briefly referenced the ex officio argument in their memorandum in support of the motion to dismiss, but the circuit court did not rule on the issue. Moreover, Respondents do not present on appeal the ex officio argument as an additional sustaining ground. Correspondingly, Appellants have not addressed the ex officio exception in briefing. While a respondent may raise on appeal any additional sustaining grounds appearing in the record, even where those reasons have not been ruled on by the lower court, we are reticent to invoke an alternative sustaining ground where the ground is not raised in the appellate brief. *I'On, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 419–20, 526 S.E.2d 716, 723 (2000) (recognizing that a respondent may abandon an additional sustaining ground by failing to raise it in the appellate brief). Invoking an additional sustaining ground under such circumstances would generally be unfair to an unaware appellant. We emphasize that we do not intimate that the ex officio exception applies in this case. We merely observe that we do not reach that issue in light of the general framework concerning additional sustaining grounds.