**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

KNS Foundation, LLC, d/b/a Elite, Appellant,

v.

City of Myrtle Beach, Respondent.

Appellate Case No. 2013-002793

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-572
Heard November 10, 2015 – Filed December 30, 2015

**AFFIRMED**

Howell V. Bellamy, Jr., and Howell V. Bellamy, III, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, PA, of Myrtle Beach; John M. Leiter, of Law Offices of John M. Leiter, PA, of Myrtle Beach; and Armand G. Derfner, of Charleston, all for Appellant.

Michael Warner Battle, of Battle Law Firm, LLC, of Conway, for Respondent.

**PER CURIAM:** KNS Foundation, LLC, d/b/a Elite (KNS) appeals a circuit court order affirming the decision of the Myrtle Beach City Council to revoke KNS's business licenses due to fraud or misrepresentation in the license application process. On appeal, KNS argues the circuit court erred by (1) deciding the case when it did not have a record of the city council hearing; (2) failing to require the City of Myrtle Beach (the City) to prove its allegations of fraud by clear and convincing evidence; and (3) affirming the revocation although it was unsupported by evidence. We affirm.

1. As to Issue 1, we find evidence in the record demonstrates the circuit court had the record from the city council proceedings and referenced its review of the record on appeal in its decision. Thus, we find the circuit court properly entered its order affirming the revocation of KNS's business license. *See Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince this [c]ourt that the lower court was in error.").

2. As to Issue 2, we find the circuit court did not err by declining to require a heightened standard of proof to uphold the revocation of KNS's business licenses based on allegations of fraud because fraud was not argued before the city council. KNS first argued a heightened burden of persuasion applied at the hearing before the circuit court. However, the circuit court was acting in its appellate capacity. *See* S.C. Code Ann. § 18-7-10 (2014) ("When a judgment is rendered by a magistrates court, by the governing body of a county or by any other inferior court or jurisdiction, save the probate court, the appeal shall be to the circuit court of the county wherein the judgment was rendered . . . ."). Thus, we find the circuit court properly operated under a deferential standard of review. *See Gay v. City of Beaufort*, 364 S.C. 252, 254, 612 S.E.2d 467, 468 (Ct. App. 2005) ("Where the city council of a municipality has acted after considering all of the facts, the court should not disturb the finding unless such action is arbitrary, unreasonable, or an obvious abuse of its discretion.").

3. As to Issue 3, we find the circuit court properly found substantial evidence existed to support the city council's decision to revoke KNS's business licenses. First, based on testimony from City business license inspector Mary McDowell, we find evidence supports the city council's finding that KNS falsely represented to the City that it would not operate its business as a night club. Second, the testimonies of McDowell, Officer Gavrilis, Officer Castle, and Chief Gall all support the finding that KNS intended to charge for admission and falsely represented to the City that it would not do so in order to gain approval of its

business license applications.  The advertisements for Elite and Elite's social media entries, as well as Elite's operation of a dance floor, provide additional support for the City's action.  *See Gay*, 364 S.C. at 254, 612 S.E.2d at 468 ("Where the city council of a municipality has acted after considering all of the facts, the court should not disturb the finding unless such action is arbitrary, unreasonable, or an obvious abuse of its discretion."); *id.* ("This court will not disturb on appeal such findings of the city council, concurred in by a circuit [court], unless they are without evidentiary support or against the clear preponderance of the evidence.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**