**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shred with Us, LLC, Appellant,

v.

Steffanie Dorn, City of Greenwood Business License Official, Respondent.

Appellate Case No. 2017-000847

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-064
Submitted January 1, 2019 – Filed February 13, 2019

**AFFIRMED**

Clarence Rauch Wise, of Greenwood, for Appellant.

James Graham Padgett, III, of Bacot & Padgett, LLC, of Greenwood, and Danny Calvert Crowe, of Crowe LaFave, LLC, of Columbia, both for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Gay v. City of Beaufort*, 364 S.C. 252, 254, 612 S.E.2d 467, 468 (Ct. App. 2005) ("Where the city council of a municipality has acted after considering all of the facts, the court should not disturb the finding unless such action is

arbitrary, unreasonable, or an obvious abuse of its discretion."); *id.* ("This court will not disturb on appeal such findings of the city council, concurred in by a circuit judge, unless they are without evidentiary support or against the clear preponderance of the evidence."); *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005) ("An issue regarding statutory interpretation is a question of law."); *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("[T]his [c]ourt reviews questions of law de novo."); S.C. Code Ann. § 58-23-620 (2015) ("[N]o city, town, or county shall impose a license fee or license tax on the holder of a certificate E[,] . . . except the city or town of such carrier's residence or the location of his principal place of business."); *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." (quoting *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 608-07 (2006))); *Lexington Cty. Health Servs. Dist. v. S.C. Dep't of Revenue*, 384 S.C. 647, 653, 682 S.E.2d 508, 510 (Ct. App. 2009) ("If [an] interpretation would lead to a result unintended by the legislature and plainly absurd, [this court] should reject it.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.