**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Public Interest Foundation and John Crangle, individually, and on behalf of all others similarly situated, Respondents,

v.

Richland County and Richland County Council, Appellants.

Appellate Case No. 2022-001469

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-197
Heard March 5, 2026 – Filed May 6, 2026

———————

**REVERSED**

———————

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, for Appellants.

James G. Carpenter, of Carpenter Law Firm, PC, of Greenville, for Respondents

———————

**PER CURIAM:** In this declaratory judgment action filed by the South Carolina Public Interest Foundation (SCPIF) and John Crangle, individually, and on behalf

of all others similarly situated (collectively, Respondents), Richland County Council (Council) and Richland County (collectively, Appellants) appeal, arguing the circuit court erred in finding (1) Respondents had public importance standing, (2) Respondents presented a justiciable claim, and (3) Council members violated Council's and common law rules regarding voting. Finding no justiciable claim, we reverse.

**FACTS**

Respondents filed this action, alleging Council members violated Council Rule 5.21, which states the following:

> Each member shall vote on each question put, except that no member shall be permitted to vote on any question in which that member has a direct personal or pecuniary interest . . . . If a member does not declare a vote or an abstention, his/her vote shall be recorded with the prevailing side. If voting an abstention, a reason for the abstention must be stated and recorded in the minutes.

The Council voting system has three options on a touchscreen at each member's desk: yes, no, and abstain. The parties' Stipulation of Facts states that during Council meetings between February 11, 2020, and May 19, 2020, several Council members failed to declare votes without stating a reason on the record.

At the hearing on the parties' motions for summary judgment, Respondents argued Council violated Rule 5.21 because members failed to vote on issues and did not state a reason for their failures to vote or abstain. They also argued Council neglected to record reasons for failures to vote. Respondents maintained the requirement to vote arose under common law, statute, and Rule 5.21. According to Respondents, the import of neglecting these rules was that if a member had a conflict of interest and did not disclose it but just failed to vote, that vote was counted with the prevailing side despite the conflict of interest. Finally, Respondents maintained they had public importance standing because the issue was not isolated; instead, it was pervasive and required judicial guidance.

In its order filed June 10, 2022, the circuit court found Respondents alleged three separate types of violations of Rule 5.21: (1) council members failed to vote on an issue presented without stating a reason for that failure or abstention; (2) Council or the Chair failed to include the reason for the failures to vote in the minutes; and

(3) the Council Clerk failed to record a non-voting member's vote with the prevailing side when the member did not vote and did not abstain and state a recorded reason. The court also found the following: (1) Respondents met the public importance exception to general standing requirements; (2) Respondents presented a justiciable claim, the resolution of which did not violate the doctrine of separation of powers; (3) Council members were violating their duty to vote under both Rule 5.21 and the common law; and (4) Council members were also violating Rule 5.21 by failing to place a reason on the record when abstaining and failing to record non-votes for the prevailing side. The court granted Respondents' request for injunctive relief, ordering the Council "to follow the common law and [Council] Rule 5.21."[1] The court denied Appellants' motion to reconsider. This appeal followed.

## STANDARD OF REVIEW

"A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). "Actions for injunctive relief are equitable in nature. In equitable actions, the appellate court may review the record and make findings of fact in accordance with its own view of a preponderance of the evidence." *Wiedemann v. Town of Hilton Head Island*, 344 S.C. 233, 236, 542 S.E.2d 752, 753 (Ct. App. 2001) (internal citations omitted). "An order granting or denying an injunction is reviewed for abuse of discretion." *Richland County v. S.C. Dep't of Revenue*, 422 S.C. 292, 309, 811 S.E.2d 758, 767 (2018) (quoting *Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006)).

## LAW/ANALYSIS

Appellants argue the circuit court erred in finding Respondents presented a justiciable claim, maintaining any judicial interference in this case violates the separation of powers doctrine.[2] We agree.

Article I, Section 8 of the South Carolina Constitution provides for the separation of powers as follows: "In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other . . . ." S.C. Const. art. I, § 8. Article VIII, Section 7 of the Constitution

---

[1] The court did not rule on attorney's fees, noting "[Respondents] may file such a motion within 15 days after the filing of this Order."

[2] Because we find this issue dispositive, we address it first.

further provides that "[t]he General Assembly shall provide by general law for the structure, organization, powers, duties, functions, and the responsibilities of counties . . . ."  S.C. Const. art. VIII, § 7.  Finally, Article VIII, Section 17 provides that "[t]he provisions of this Constitution and all laws concerning local government shall be liberally construed in their favor."  S.C. Const. art. VIII, § 17.

In addition to these constitutional provisions, Section 4-9-25 of the South Carolina Code provides that "[a]ll counties of the State . . . have authority to enact regulations, resolutions, and ordinances, not inconsistent with the Constitution and general law of this State . . . .  The powers of a county must be liberally construed in favor of the county . . . ."  S.C. Code Ann. § 4-9-25 (2021).  Section 4-9-110 of the South Carolina Code further states that a county "council shall determine its own rules and order of business."  S.C. Code Ann. § 4-9-110 (2021).

Our supreme court recently discussed a separation of powers issue in *League of Women Voters of South Carolina v. Alexander*, stating the following:

> "The nonjusticiability of a political question is primarily a function of the separation of powers."  *Segars-Andrews v. Jud. Merit Selection Comm'n*, 387 S.C. 109, 121, 691 S.E.2d 453, 460 (2010) (quoting *S.C. Pub. Interest Found. v. Jud. Merit Selection Comm'n*, 369 S.C. 139, 142, 632 S.E.2d 277, 278 (2006) ("SCPIF")).  "The fundamental characteristic of a nonjusticiable 'political question' is that its adjudication would place a court in conflict with a coequal branch of government."  *Id*. at 121–22, 691 S.E.2d at 460 (quoting *SCPIF*, 369 S.C. at 142–43, 632 S.E.2d at 278).  Therefore, "the courts will not rule on questions that are exclusively or predominantly political in nature rather than judicial."  *Id*. at 122, 691 S.E.2d at 460 (citing *SCPIF*, 369 S.C. at 143, 632 S.E.2d at 278).
>
> "In the instance of nonjusticiability, consideration of the cause is not wholly and immediately foreclosed; rather, the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded."  *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 198,

82 S. Ct. 691, 7 L.Ed.2d 663 (1962)).  In determining whether a question is political and nonjusticiable, "the appropriateness under our system of government of attributing finality to the action of the political departments and also the lack of satisfactory criteria for a judicial determination are dominant considerations."  *Id.* (quoting *Coleman v. Miller*, 307 U.S. 433, 454–55, 59 S. Ct. 972, 83 L.Ed. 1385 (1939)).

446 S.C. 591, 604–05, 921 S.E.2d 660, 667–68 (2025).

In *League of Women Voters*, the "League of Women Voters of South Carolina ask[ed the c]ourt to strike down the South Carolina General Assembly's 2022 congressional redistricting plan," claiming it was "an 'extreme partisan gerrymander' in contravention of several provisions of the South Carolina Constitution."  *Id.* at 597, 921 S.E.2d at 664.  The court acknowledged that "if a legislative enactment is alleged to be unconstitutional, [it could not] dodge the question of constitutionality by hiding behind a 'political question' excuse—[it] must determine whether the enactment passe[d] constitutional muster."  *Id.* at 605, 921 S.E.2d at 668.  Recognizing that "South Carolina has no statutes or constitutional provisions that pertain to, prohibit, or limit partisan gerrymandering," the court found "[t]he absence of such provisions [was] fatal to the League's claim."  *Id.* at 608, 921 S.E.2d at 670.

Likewise, in *Alexander v. Houston*, 403 S.C. 615, 618, 744 S.E.2d 517, 519 (2013), the court considered whether a constitutional challenge was made in determining whether a claim presented a nonjusticiable political question.  There, however, the court reversed the circuit court's dismissal of the claim as a nonjusticiable political question, finding the claimants did "not challenge the wisdom of the Council's actions or the process by which this situation developed. Nor [did] Appellants contest the broad powers granted to counties by the legislature."  *Id.* at 619, 744 S.E.2d at 520.  The court found instead that the claimants "ma[d]e a specific and concrete assertion" of actions "in violation of the Constitution[, which] . . . present[ed] a bona fide legal challenge . . . proper for judicial resolution."  *Id.*

Here, there is no allegation of a violation of the Constitution.  Instead, Respondents have asked the judiciary to order Council to follow its own rules despite Council's authority under section 4-9-110 to determine its own rules.  Furthermore, the South Carolina Constitution provides that "[t]he General Assembly shall provide by

general law for the structure, organization, powers, duties, functions, and the responsibilities of counties."  S.C. Const. art. VIII, § 7.  In *SCPIF*, our supreme court held that it would violate the doctrine of separation of powers for it to resolve the issue of residency of a judicial candidate because that authority was vested in the General Assembly by the South Carolina Constitution.  369 S.C. at 142–44, 632 S.E.2d at 278–79; *see id.* at 143, 632 S.E.2d at 278–79 (stating "this Court has declined to opine on issues where the Constitution delegates authority to the General Assembly").  We likewise find our intervention would violate the law requiring the separation of powers.  *See Amisub of S.C., Inc. v. S.C. Dep't of Health & Env't Control*, 407 S.C. 583, 591, 757 S.E.2d 408, 413 (2014) ("[T]he court's role in upholding the separation of powers doctrine is to maintain the three branches of government in positions of equality."); *see generally McSherry v. Spartanburg Cnty. Council*, 371 S.C. 586, 590–91, 641 S.E.2d 431, 433–34 (2007) (while not addressing the issue of nonjusticiability, finding that although a different methodology of enacting an ordinance may have been more effective, there was no governing statutory or constitutional requirement on which to "base an invalidation of Council's rules and procedures").

We are also guided by the following:

> In our constitutional system of government with its separation of powers, courts exercise the limited constitutional function of the "judicial power."  S.C. Const. art. V, § 1.  Accordingly, courts are limited to resolving cases and the powers inherent in that function. Courts are not bodies for the resolution of public policy and generalized grievances.  Harms suffered by the public at large . . . are to be remedied by the legislative and executive branches.  If existing laws and regulations or their enforcement fail to protect the public from harm, it is incumbent upon the public to seek reform through their elected officials or failing that, at the ballot box.

*Carnival Corp. v. Hist. Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 81, 753 S.E.2d 846, 853 (2014).  We find the issue raised here, how Council interprets and enforces its own rules on voting, presents a purely political question, which is nonjusticiable.

**CONCLUSION**

Because we find no justiciable claim, the order of the circuit court is

**REVERSED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] Based on our finding of no justiciable claim, we decline to address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).